FIRE ASSOCIATION OF PHILADELPHIA v. MERCHANTS' NATIONAL BANK OF ST. JOHNSBURY.     •     \

*Evidence.   Expert   Witness.   Practice.*

The question whether a witness is an expert, is a preliminary question for the court, and is to be tried like any other issue of fact ; and it is error for the court to waive the trial of that question on the ground that the same witness was permitted to testify to the same matter on a former trial between other parties.

Assumpsit.   Plea, general issue, and trial by jury, June Term, 1878, Caledonia County, Ross, J., presiding.

The plaintiff sought to recover with interest the sum of $541.10 which it had paid on a draft in favor of Charles H. Green.   The draft was forwarded for collection by the defendant, and when paid bore what purported to be the indorsement of Green.   The indorsement was alleged to be a forgery ;  and whether it was or not was the question of fact in the case.   The plaintiff introduced evidence tending to prove the forgery, after which the defendant was allowed to introduce its cashier and others to testify as experts to the genuineness of the indorsement.   Those witnesses had all been used as experts at the June Term of the same court in 1877, in a case of the State against one Hopkins, in which the same question was presented, and had claimed by their experience to have acquired skill above that of common men.   The cashier tes-

tified as to his experience, and as to his examination of signatures
of Green that were introduced in evidence, and of the signature
in question. Another of the witnesses testified to having been for
twenty years cashier or paymaster for E. & T. Fairbanks & Co.,
and to examining the signatures to their pay rolls monthly, &c.,
and also to having examined the signatures of Green. The court
told the defendant that as to the witnesses who were allowed to
testify as experts in the trial of Hopkins as to the same signatures,
time need not be taken to ask them whether they claimed to have
acquired skill in the determination of the genuineness of signa-
tures, but that the defendant might ask their opinions, after show-
ing what experience they had had. To that the plaintiff excepted.
The court did not restrict the plaintiff in the cross-examination of
any of the witnesses as to the skill they claimed to have acquired,
nor in making practical tests of their skill in presence of the jury.

*Belden & Ide,* for the plaintiff.

The permission given was not to take the opinion of the wit-
nesses after having shown what experience they had had, if upon
that showing the court should find them to be experts, but to show
their experience and their opinion. The court thus made use of
previously acquired knowledge. The case comes within no rule
that requires or permits the court to take judicial notice of a fact.
*State* v. *Horn,* 43 Vt. 20. The permission of cross-examination,
&c., did not cure the error. The plaintiff was entitled to adduce
other evidence on the question of expertness. *Livingstone* v.
*Kiersted,* 10 Johns. 362.

*Walter P. Smith,* for the defendant.

The question whether expert or not, is a question of fact to be
decided by the court, and is not revisable. *Jones* v. *Tucker,* 41
N. H. 546; *State* v. *Ward,* 39 Vt. 225; *State* v. *Phair,* 48 Vt.
366; *Wright* v. *Williams' Estate,* 47 Vt. 222. It makes no dif-
ference that the evidence on the question of expertness came
before the court at a former trial of the same issue only. The
object of the inquiry is that the court may be informed, and that
the jury may be advised, of the proper weight to give to the wit-

nesses' testimony. Here the court already knew, and the jury might have been advised by the cross-examination.

The opinion of the court was delivered by

BARRETT, J. Whether a person offered as a witness to testify as an expert, is entitled to testify in that character, depends on the determination of the preliminary question, namely, whether he is in fact an expert, as that term is understood and used in the law. What the qualification consists in that gives the person the character of an expert, is sufficiently shown in *Wright* v. *Williams*, 47 Vt. 222. That case sufficiently shows that that preliminary question is to be determined by the court before he is to be examined as an expert on the issues to the jury. Whether an expert or not, is a preliminary issue to the court, and is to be tried and determined by the court, when the witness is produced and offered, and the question is made, whether an expert or not. That issue is to be tried and determined upon evidence given on the trial of it, in the trial of the cause in which the witness is produced and offered. Upon that issue not only may the person offered be examined, but any other pertinent evidence may be given by either party ; and the determination of that issue is to be made upon the evidence thus given. The party producing and offering such person as an expert witness can have no advantage, and the party objecting to his competency as an expert can lawfully be put to no disadvantage, on the trial of that preliminary issue, by what was shown and decided in the trial of another cause at a previous term, or at the same term of the court between other parties. Nor can the personal knowledge and opinion of the presiding judge or all the judges as to the witness in question being competent as an expert to testify as such, be the ground and reason for determining that issue, when made, either in substitution or in aid of evidence given in open court in the trial of the cause in which the issue is made. That issue is to be tried and determined the same as if the witness in question had never before been used as an expert, and the same as if the evidence given in court on the trial of that issue gave the members of the court all the personal knowledge they have of his qualifications as an ex-

pert. In this case that issue was made. The court determined it without any evidence being given upon it, and held that the witnesses offered were competent to testify as experts, because they had both and all, at the June Term, 1877, been used as experts in the case *State* v. *Hopkins*, in regard to the same subject, and claimed to have acquired skill by their experience above common men. It is not shown how the fact thus stated was proved on the trial in the present case. It is treated in the argument that the court assumed the fact as matter of personal knowledge. It is not a matter for judicial cognizance. If the court had been composed of different men in June Term, 1878, from those composing the court, June Term, 1877, it will not be claimed that the court in 1878 could assume the existence of that fact as matter of judicial cognizance. Nor will it be claimed that the fact assumed could be proved to the court in 1878, on the issue, whether those persons were competent as experts. If not, then of course it was not competent for the court in this case to assume the issue as proved for the defendant because the members of the court knew of personal knowledge that it was proved and found for the State in June Term, 1877.

There is not occasion to pursue this with more elaboration. The result flows from the fact that the issue whether an expert or not is to be tried by the court upon the same reasons and rules of evidence as any other issue of fact in the case, whether to be determined by the court or the jury.

The subject is sufficiently treated and illustrated in *Wright* v. *Williams,* and the books and cases there cited.

*Judgment reversed, and cause remanded.*