## State of Vermont v. Philip A. Letourneau and Yvon Fortin

[503 A.2d 553]

No. 84-177

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed November 8, 1985

*Jeffrey L. Amestoy*, Attorney General, and *John H. Chase*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Gregory P. Howe*, Newport, and *Michael Rose*, St. Albans (On the Brief), for Defendants-Appellants.

**Hill, J.** The defendants, Philip A. Letourneau and Yvon Fortin, appeal from their conviction for illegal possession of moosemeat in violation of 10 V.S.A. App. § 31(f). We affirm.

On November 1, 1982, search warrants were issued authorizing state game wardens to search the defendants' premises for "parts of a moose illegally taken," and for "the remains of a moose [carcass buried] in the ground." Packages of meat were recovered from the freezers of both defendants' residences as a result of this search. Analysis of the packages revealed that they contained moosemeat. The defendants were then charged with, and after a

joint trial by jury, convicted of possessing moose in violation of 10 V.S.A. § 4082 and App. § 31(f).

■ Title 10 V.S.A. § 4082 authorizes the Vermont Fish and Wildlife Board (Board) to promulgate rules for "the regulation of fish and wild game and the taking thereof except as otherwise specifically provided by law." Pursuant to this authorization, 10 V.S.A. App. § 31 sets forth hunting seasons and bag limits for a variety of wild quadrupeds, including moose. According to the regulation, the game animals specified "may be taken only during the period specified . . . not in excess of the numbers specified . . . and may be possessed only to the numbers specified as possession limit. . . ." 10 V.S.A. App. § 31. Regarding moose, the regulation states only that there is "[n]o open season." 10 V.S.A. App. § 31(f).

■ Defendants argue that because another statute, 10 V.S.A. § 4785, permits the importation and subsequent possession of moose in Vermont provided a permit to possess such is obtained, then mere possession is not illegal and it is incumbent upon the State to prove as an element of the offense that the defendants did not have a permit to possess moose. The Board's regulation, however, clearly states that the game listed, (which includes moose) "may be possessed only to the numbers specified as possession limit." 10 V.S.A. App. § 31. There being no open season for the hunting of moose, the possession limit is zero, 10 V.S.A. App. § 31(f), and the possession of moose in Vermont is in violation of this regulation.

■ By statute, moose taken from outside Vermont may be lawfully possessed provided the possessor has obtained a permit for such. 10 V.S.A. § 4785. The effect of 10 V.S.A. § 4785 on 10 V.S.A. App. § 31(f), however, is to provide an exception to the general rule, prohibiting the possession of moose. Merely because a limited statutory exception exists to a regulation does not make the nonexistence of the facts which would make the exception applicable an element of the offense. Instead, the exception set forth in 10 V.S.A. § 4785 is in the nature of an affirmative defense which the defendant might use to show that although his possession was in violation of the regulation, it was not unlawful. See W. LaFave & A. Scott, Criminal Law § 21, at 154 (1972) (citing *King* v. *Turner,* 105 Eng. Rep. 1026 (K.B. 1816)) (claims of exemption from a statutory prohibition which are based on an exception to

the statute are often construed as requiring defendant to come forward with proof of exculpatory fact). ·

The defendants also claim that the trial court's instruction to the jury on the issue of possession was erroneous. The court instructed the jury as follows:

> Possession is defined, as it relates to Fish and Game statutes, to be actual or constructive possession or control over things referred to in the statute. ,
>
> As this statutory definition expresses, possession is not limited to manual touch, actual possession or personal custody. Thus, if a person deposits unlawful property in a place of concealment, even on his own premises or otherwise, he nevertheless, in law, under said definition, would have possession of the property, even though he may be absent from the place he was using for its concealment.
>
> It is for you to say on all the evidence beyond a reasonable doubt whether either or both defendants had possession of moose meat, in violation of the law; and that possession does not need to be exclusive possession, but might be joint.

As this instruction is in accord with both statutory and case law on the subject, we find no error in the court's charge. *State* v. *Ballou,* 127 Vt. 1, 5-7, 238 A.2d 658, 662-63 (1968); 10 V.S.A. § 4001(19).

 The defendants also contend that there was insufficient evidence presented at trial for the jury to find, beyond a reasonable doubt, that the defendants were in possession of the meat found at their respective residences. The defendants, however, have failed to preserve this claim for appellate review. Although the defendants moved for a judgment of acquittal at the conclusion of the State's case, they failed to renew this motion at the close of all the evidence or after the verdict was rendered. V.R.Cr.P. 29.

> [A]bsent a motion for judgment of acquittal at the close of all the evidence, or after verdict, the issue of the sufficiency of the evidence as a whole to support the verdict remains unpresented to the trial court for consideration. Never having been presented for determination, this issue is not preserved for appellate review.

*State* v. *Bressette,* 136 Vt. 315, 317, 388 A.2d 395, 396 (1978).

■ The defendants' final claim is that one of the experts who testified at the trial was not properly qualified and the trial court should have excluded her testimony. A review of the transcript reveals that the expert gave testimony concerning her education and training and was cross-examined by the state's attorney concerning her qualifications. The expert also testified, over defendants' objection, that she had "testified as an expert witness in six different Maine courts." Defendants claim it was error for the court to consider whether the expert had testified as an expert in other cases in qualifying her as an expert in the instant case. See *Fire Association of Philadelphia* v. *Merchants' National Bank*, 52 Vt. 83, 86 (1879) (error for court to determine without any evidence before it that "witnesses offered were competent to testify as experts, because they had . . . been used as experts in [another case], in regard to the same subject, and claimed to have acquired skill by their experience above common men."). Unlike the situation in *Fire Association of Philadelphia, supra,* there was ample evidence presented in this case for the court to determine that the person in question was qualified to testify as an expert witness. We thus find no error in the court's failure to exclude testimony that the witness had testified as an expert in other proceedings.

*Affirmed.*

**Allen, C.J.**, dissenting. The conduct for which the defendants stand convicted was not in violation of the regulation and not criminal under the evidence presented. The regulation did not set a possession limit for moose, nor could the Board have promulgated such a limit in light of the express statutory authority contained in 10 V.S.A. § 4785 to possess moose in this state, if legally taken in another state or country.* The regulation simply prohibits the taking of moose in this state. Mere possession, the grava-

---

* § 4785. Deer, elk, moose, caribou; importation

A person may transport into and possess in this state a wild deer, elk, moose or caribou, legally taken in another state or country, provided such person shall within seventy-two hours after transporting such a deer, elk, moose or caribou, into the state, obtain a permit from the commissioner to possess same.

men of the crime here charged, is not prohibited by the regulation, and is expressly permitted by statute.

I would reverse.