*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-173

JANUARY TERM, 2011

| | |
|---|---|
| State of Vermont | APPEALED FROM: |
| v. | District Court of Vermont, Unit No. 2, Rutland Circuit |
| Aaron Todd | DOCKET NO. 1450-9-08 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction of conspiracy to dispense cocaine. He argues that there was insufficient evidence to establish his guilt. We conclude that defendant waived this argument, and we therefore affirm.

Defendant was charged with conspiracy to dispense cocaine based on allegations that he received crack cocaine in exchange for allowing several individuals to live with him and sell cocaine from his residence. See 13 V.S.A. § 1404(a) ("A person is guilty of conspiracy if, with the purpose that an offense [including sale or distribution of a regulated drug] be committed, that person agrees with one or more persons to commit or cause the commission of that offense, and at least two of the co-conspirators are persons who are neither law enforcement officials acting in official capacity nor persons acting in cooperation with a law enforcement official."). More specifically, the information alleged that defendant, with the purpose that the offense of dispensing regulated drug, sale of cocaine, 18 V.S.A. § 4231(b)(1), be committed, agreed with one or more persons to cause the commission of dispensing regulated drug, and that defendant committed the overt act of accepting pieces of crack cocaine as payment for allowing these individuals to stay at his residence from which these individuals sold cocaine in violation of 13 V.S.A. §§ 1404 and 1409.

At trial, the State offered testimony from several police officers who conducted a drug raid at defendant's trailer. Defendant also provided statements to police identifying the men that were staying with him, indicating that these individuals were selling crack at the residence, and that they provided him with one to two rocks of cocaine each day for staying at the residence. At the close of the State's case, defendant moved for a judgment of acquittal. The court denied the motion, finding the evidence sufficient to support the charge. Among other evidence, the court cited the defendant's admission that he received crack cocaine for allowing the individuals to stay with him so that they could sell drugs.

Defendant presented one witness on his own behalf. He did not renew his motion for judgment of acquittal at the close of all of the evidence, nor did he file a post-verdict motion for

acquittal within ten days of the jury's guilty verdict. See V.R.Cr.P. 29(a), (c). By failing to do so, he waived any argument on appeal regarding the sufficiency of the evidence. See Reporter's Notes, V.R.Cr.P. 29 (failure to move for acquittal or to renew motion at close of all evidence "forecloses appellate consideration of all issues of sufficiency of the evidence"); State v. Norton, 139 Vt. 532, 534 (1981) (reiterating that where defendant fails to challenge sufficiency of the evidence at the end of the trial by a motion under the rule for judgment of acquittal, issue is not preserved for appellate review, and "[t]his is true even when the defendant moves for acquittal after the State's case, but fails to renew the motion at the end of the defendant's case"), overruled on other grounds by State v. Brooks, 163 Vt. 245 (1995).

Defendant nonetheless asserts that the court committed plain error in failing to move for acquittal on its own motion. See V.R.Cr.P. 29(a). Specifically, he argues that there was insufficient evidence to establish an overt act as required under 13 V.S.A. § 1404(b).

As the court instructed the jury, the essential elements of the charged crime were that: (1) defendant; (2) willfully agreed to enter into a conspiracy with one or more persons to commit the offense of dispensing a regulated drug; (3) defendant joined in the conspiracy with the purpose of committing the offense of dispensing a regulated drug; (4) defendant and at least one other coconspirator were not law enforcement officials or acting in collaboration with law enforcement officials; and (5) after defendant joined the conspiracy, either defendant or a conspirator performed a substantial overt act in furtherance of the conspiracy. The court recognized that the State did not need to prove that there was an express agreement between the parties, but rather, the agreement could consist of a mutual understanding that the members would commit some illegal activity by means of a common plan or a course of action. See, e.g., People v. Longines, 40 Cal.Rptr.2d 356, 358-59 (Cal.App. 1995) (" [A] conspiracy may be shown by circumstantial evidence and the agreement may be inferred from the conduct of the defendants mutually carrying out a common purpose in violation of a penal statute." (quotation omitted)).

Title 13 V.S.A. § 1404(b) provides that:

> [n]o person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by the defendant or by a co-conspirator, other than a law enforcement official acting in an official capacity or a person acting in cooperation with a law enforcement official, and subsequent to the defendant's entrance into the conspiracy. Speech alone may not constitute an overt act.

According to defendant, his own statement to police was the only evidence showing that he took the overt step of allowing these individuals to stay with him in exchange for crack cocaine. He maintains that this evidence is insufficient under the corpus delicti rule, and that his conviction must therefore be reversed.

We find no plain error. "The purpose of the corpus delicti rule is to foreclose the possibility of conviction based on false confession where, in fact, no crime has been committed." State v. FitzGerald, 165 Vt. 343, 350 (1996). Where the State's case is based on a confession, "the corpus delicti must be corroborated by independent evidence." Id. Such evidence "need not

2

independently prove commission of the crime beyond a reasonable doubt, however; even slight corroboration may be sufficient." Id. The question is whether there was adequate corroborating evidence to show that a crime was committed.

There was sufficient corroborating evidence here. Aside from defendant's written and oral statements about receiving drugs and allowing these individuals to stay with him and sell drugs from his residence, the record shows that the police found crack cocaine and large amounts of cash on two of the individuals residing with defendant, including cash from a controlled drug sale. Crack cocaine was also found in the couch of the residence. The drugs were individually bagged for sale. Additionally, police found drug paraphernalia, including pipes and spoons, in defendant's bedroom. There was also evidence that defendant's alleged co-conspirators had travelled to Vermont from out-of-state, defendant allowed these individuals to stay with him, they were not paying defendant any rent, and they had brought cocaine with them. The evidence was sufficient to support a logical and reasonable inference that defendant received drugs from these individuals in exchange for allowing them to stay with him and that the crime of conspiracy to distribute cocaine was committed. The court did not commit plain error by failing to sua sponte move for judgment of acquittal on this count based on the corpus delicti rule. See Norton, 139 Vt. at 534 ("A [trial] court should move for acquittal only when the record reveals that the evidence is so tenuous that a conviction would be unconscionable").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3