## State of Vermont v. Randall Bressette

[388 A.2d 395]

No. 70-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Gregory W. McNaughton,* Washington County State's Attorney, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, and *Blair Warner,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Larrow, J.** Defendant below was convicted, by jury, of knowingly and unlawfully selling for a consideration a regulated drug, marijuana, in violation of 18 V.S.A. § 4224(g). Upon appeal, he raises two main issues. He urges that the State failed to meet the burden of proving his predisposition to commit the crime, beyond a reasonable doubt, once he had introduced evidence of entrapment. And he claims the court erred in refusing to charge the jury as he requested, that he would not be a "seller" within the meaning of the statute, if he acted on behalf of the prospective buyer rather than on his own, in buying from a person with whom he was not associated in selling. We consider these claims of error in that order, having in mind that the first, if sustained, requires a judgment of acquittal, while a favorable ruling on the second requires only reversal and remand.

Defendant's first claim of error we do not feel is properly before us. At the conclusion of the State's case, he moved for a judgment of acquittal, which was denied. He then proceeded to offer evidence, as was his right under V.R.Cr.P. 29(a). The motion was not renewed, however, at the close of all the evidence, nor was any similar motion presented within the 10 days after verdict allowed by V.R.Cr.P. 29(c). In *State v. Bressette,* 130 Vt. 321, 292 A.2d 817 (1972), we held, prior

to the adoption of our Rules of Criminal Procedure, that failure to renew such a motion at the close of all the evidence forecloses appellate consideration of any issue as to the sufficiency of the evidence. The less restrictive provisions of V.R.Cr.P. 29(c) have abrogated that rule, in criminal cases, to permit filing of a motion for judgment of acquittal after a verdict of guilty, even though no similar motion was made during the course of trial. [Civil cases are governed by a different rule, V.R.C.P. 50(b)]. But it still remains true that, absent a motion for judgment of acquittal at the close of all the evidence, or after verdict, the issue of the sufficiency of the evidence as a whole to support the verdict remains unpresented to the trial court for consideration. Never having been presented for determination, this issue is not preserved for appellate review. Nor are we inclined to invoke the "plain error" rule recognized in *State* v. *Morrill,* 127 Vt. 506, 253 A.2d 142 (1969), and subsequently embodied in V.R.Cr.P. 52(b), since the subjective intent or predisposition of the defendant, which he claims was not established, was in fact the subject of substantial evidentiary dispute.

The second claim of error requires more extensive examination. Defendant seasonably requested, and the court refused to give, a jury instruction in the following terms:

> If the respondent undertook to act in the prospective purchaser's behalf rather than his own, and in doing so purchased the drug from a third person with whom he was not associated in selling, and thereafter delivered it to the buyer, the respondent would not be a seller.

Without reviewing the evidence extensively, the factual situation presented at trial had an undercover State Trooper approaching a 13 year old boy for drugs, and being taken to defendant, standing on a corner. Approached by the trooper, defendant offered to be of help. He took the trooper to a location where defendant went in and procured marijuana, returning with it to the car, where he received $180.00 for nine ounces. The trooper testified that defendant took them to his "home." Defendant insisted at trial it was the home of one Robinson, with whom he had no connection. There was thus evidentiary conflict as to whether defendant sold his own

marijuana or merely acted for the trooper in procuring it from Robinson. In light of this conflict, a jury instruction was required if the set of circumstances related by the defendant would be enough, if believed, to destroy his status as a seller for consideration, the offense with which he was charged.

■ The parties have focused their appellate attention upon the definition of "sale" contained in 18 V.S.A. § 4201 (30), and applicable to § 4224(g), under which the information here was brought. They brief, at length, the varying interpretation of that or a similar definition under decided federal and state cases. That interpretation is, indeed, important, and we will later consider it. But, like the proverbial forest unseen because of the trees, this argument omits one very fundamental point. Untreated in the charge, and evidently overlooked by the parties both here and below, is the requirement of § 4224(g) that the "sale," whatever its definitive limits under § 4201(30), must, for prosecution to lie under § 4224(g), have been *for a consideration*. Although that phrase does not appear in the definition, it is only a sale for a consideration that forms a basis for the criminal offense here charged. The omission of this crucial element from the jury instructions we regard both as noticeable under the plain error rule, and fatal to the verdict as rendered. There was a conflict of evidence on the point, with the trooper claiming the defendant merely took the money, and the defendant claiming he turned it over to Robinson as the demanded price. If the transaction was, as defendant claimed, purely gratuitous on his part, whether or not he made a "sale" depends upon interpretation of § 4224(g), hereinafter treated. But "sale" or not, consideration is a vital element of the offense actually charged, and failure to so instruct the jury is reversible error.

The very statute under which prosecution was initiated also sets up unlawfully "dispensing" as a criminal offense, with the same penalties, and by definition in § 4201(7) that term includes "give away," "leave with" and "deliver." Had the defendant been charged with unlawful dispensing, consideration to him would not, under these definitions, have been an essential element. Like appropriate charging in the first instance, appropriate amendment on remand may well render academic the matters treated in this opinion.

Assuming no amendment and a retrial with substantially the same evidentiary showing, we are of the view that the instruction requested by the defendant should be given. We note the conflict of decided cases on the precise issue of whether a person, acting solely as the agent of a buyer, makes or participates in a "sale" within the meaning of the statute. Analysis of those cases would, in our view, serve no particular purpose. Some turn upon different statutory wording, others upon a general purpose of giving the statute "the broadest scope to facilitate its enforcement." Cf. *State* v. *Allen*, 292 A.2d 167, 171 (Me. 1972). To us, the general nature and tenor of all the terms embodied in our statute, plus the general statutory scheme, compel the conclusion that an agent acting only for a buyer is not "selling" the regulated drug. The definition of sale, 18 V.S.A. § 4201(30), reads:

(30) "Sale" includes barter, exchange, or gift, or offer to sell, barter, exchange or give, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee.

All of the verbs employed seem to connote an action taken by a transferor, or someone acting for him, rather than by a transferee or his agent, and a parting with, rather than the taking of, possession. The tenor of the whole statute supports this conclusion, because, in general, except for fraudulent procurement under 18 V.S.A. § 4223, the buying of a regulated drug seems to carry no penalty, penalties being reserved for manufacturing, cultivating, compounding, possessing, controlling, selling, prescribing, administering and dispensing. 18 V.S.A. §§ 4205, 4224. The defined crime here is one of selling, not merely of participating in a sale. The distinction is important, and it does not turn, as the State would argue, upon the fact that defendant admittedly participated, in some capacity, in the making of a sale. Every buyer is, in a sense, a participant in a sale; the very term imports two parties to the transaction. But it begs the point here in issue to say that both become sellers, or that the purpose of the statute requires such strained construction. We have no doubt that either view of the evidence below would justify a finding that a sale was made, albeit perhaps without the required consider-

ation. But it does not follow, as the State would argue, that all parties to the transaction thereby become sellers. Fundamental to the concept of a sale is the existence of a buyer and a seller; both are participants in the transaction. The criminal offense charged lies against only the seller, not the buyer. Nor do we see the need envisioned by the Maine court in *Allen, supra,* to close a statutory "loophole" to prevent frustration and hindrance of the enforcement process. As we have pointed out in discussing the definition of unlawful "dispensing," the problem of enforcement, to which the State ascribes great concern, becomes nonexistent when the offense charged corresponds with the evidence adduced. Plainly put, we view the defendant's position as technically correct. A person acting solely as agent for a narcotics buyer can be convicted of unlawful possession or unlawful dispensing, under the statutory definitions, whether or not he receives a consideration. But the charge of selling for consideration requires proof of the consideration, and proof that, in some manner, the person charged was acting on behalf of the seller, rather than just for the buyer. To hold the agent of the buyer to a criminal responsibility that the buyer himself does not carry under the statute seems to us a strained construction, not to be resorted to unless plainly compelled by legislative language and purpose, a compulsion not here demonstrated.

*Judgment reversed and cause remanded.*