**State of Vermont v. Daniel Winters**

[392 A.2d 429]

No. 266-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 14, 1978

*David G. Miller,* Franklin County State's Attorney, and *Edward D. Fitzpatrick,* Deputy State's Attorney, St. Albans, for Plaintiff.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

Barney, C.J. The defendant was prosecuted for escape. The statutes divide this general offense into several specifically described variations based on the nature of the custody, and carry differing penalties. The information brought against this defendant alleged a violation of 13 V.S.A. § 1501 (b) (3). That statute applies to an inmate in custody who escapes or attempts to escape when he has been permitted to leave a corrections facility of confinement to do work necessary or

appropriate for the maintenance, operations or business of the facility or the department.

This defendant was one of a group of inmates from the St. Albans Correctional Diagnostic Treatment Facility. The party was doing maintenance work at the state park on Burton's Island on Lake Champlain under the supervision of a corrections officer from the St. Albans facility. The defendant, together with another member of the work detail, took a motor boat without permission during the lunch break and left the island. After some pursuit they were apprehended on an island on the New York side by authorities from that state. The defendant was returned to Vermont through the extradition process.

The events established by the evidence were not questioned. The defendant took the stand and claimed that he did not have any intention of escaping from custody, but was merely out for a boat ride, intending to return. The jury returned a verdict of guilty.

The defendant raises two issues on this appeal, and we will deal with them in the order briefed. The first is based on the trial court's denial, at the close of the state's case, of the defendant's motion for judgment of acquittal.

The defendant now seeks to bring that denial here on appeal. Since that motion was never renewed at the close of the evidence or within the appropriate time period after verdict as required by V.R.Cr.P. 29, the case of *State* v. *Bressette,* 136 Vt. 315, 388 A.2d 395 (1978) stands in his way. It states that where the claim of insufficiency of the evidence to support the charge is not presented to the lower court at the end of the trial by a motion under the rule for judgment of acquittal, the issue is not preserved for appellate review.

The second issue began before trial by a motion by the defendant for a change of venue. The claim of prejudice was based on local newspaper reporting of the escape episode. A hearing was held and the motion denied on the grounds that there was not sufficient evidence presented to demonstrate the prejudice justifying a change of venue. The evidence took the form of an affidavit of counsel referring to two newspaper accounts, and attaching one of them as an exhibit.

Both articles pre-dated the hearing by more than two months, and amounted only to factual accounts of the episode. The allegation of prejudice seems to rest upon the newspapers' use of the word "escapees" as amounting to insuperable inferences of guilt. With no more than this to support the motion, it is apparent that the lower court's ruling must be sustained.

The trial court went on to say that if anything developed at jury selection indicating the existence of prejudice, defense counsel should feel free to renew his motion. The empanelling of the jury, which took place two weeks after the denial of the motion for a change of venue, resulted in a jury with which the defendant expressed satisfaction after an extended voir dire, and the motion was not renewed.

In this Court the defendant now argues that the trial court's suggestion that the defendant might consider renewing his motion at voir dire if circumstances warranted really means that the trial court did not effectively rule on his motion prior to empanelling the jury. This, he says, violates the American Bar Association *Standards Relating to Fair Trial and Free Press* § 3.2(d). This section states that a change of venue ruling should be made before the jury is empanelled. Its position is that to try to do it during and on the basis of the voir dire places an unnecessary and undesirable burden on the defendant.

Nothing that occurred at this trial is in conflict with that standard, even assuming it amounts to a definition of reversible error. The defendant had full opportunity to present the issue of prejudice prior to empanelling. As for the second opportunity, it seems clear that it might well be prejudicial to foreclose the filing of a new motion if the voir dire disclosed the likelihood of prejudicial publicity affecting the jurors. The defendant's position on this issue is not well-founded.

*Judgment affirmed.*