### State of Vermont v. James O'Brien Pickett

[403 A.2d 272]

No. 330-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

*John S. Liccardi*, Rutland County State's Attorney, and *James P. Mongeon*, Deputy State's Attorney, Rutland, for Plaintiff.

Law Offices of *Joseph M. O'Neill*, Rutland, for Defendant.

**Daley, J.** After trial by jury, the defendant was convicted of engaging in tumultuous and threatening behavior with intent to cause public inconvenience or annoyance "to wit, by standing on the steps of the Wallingford Country Store making threatening gestures to the Town Constable . . . and by trying to instigate a fight with [him]," in violation of 13 V.S.A. § 1026(1), and, on a second information, of assaulting a police officer while he was performing his duties, in violation of 13 V.S.A. § 1028(a). His motions for judgment of acquittal notwithstanding the verdict, V.R.Cr.P. 29, and new trial, V.R.Cr.P. 33, were denied with respect to each convic-

tion. On appeal, he argues that the trial court committed reversible error in denying the motions.

■ ■ The test for granting a motion for judgment of acquittal is "whether, taking the evidence in the light most favorable to the State and excluding modifying evidence, the State has introduced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt." State v. Eaton, 134 Vt. 205, 206, 356 A.2d 504, 505 (1976). The defendant's motion for a new trial is directed to the trial court's discretion and in the absence of an abuse of discretion is not revisable. Id.

Although the testimony is controverted, the evidence introduced by the State fairly tended to show the following facts. On the evening of July 5, 1978, the Wallingford town constable, on patrol of the town, approached the entrance of the Wallingford Country Store. The defendant was one of three young men seated on the steps. As the constable neared, the defendant emptied a beer can. The constable asked him to throw away the can and he did. The constable then—acting on a previous request from the owners of the store to keep the steps clear—requested the men to leave. The defendant leaped onto the top step, threatened the constable and uttered an ethnic slur. His fists were clenched, and he was six feet away from the constable. The constable informed him that he would be cited for violation of a local ordinance and for disorderly conduct. A crowd began to mill about. Concerned about the crowd's mood, the constable entered the store to call for the assistance of the state police. The defendant followed him in and, in front of the clerk, repeated the epithet. He also challenged the constable to step outside, behind the store, and settle the matter.

When the state policeman arrived, the constable pointed the defendant out to him. As the officer walked toward the defendant, the constable dispersed the crowd. The defendant, carrying a package, was rapidly walking away from the store. The officer caught up with him and asked him to accompany him. The defendant refused and walked away. The officer reached out, placing his hand on the defendant's shoulder. The defendant continued to walk and his shirt ripped. The defendant spun around, grabbing, shaking and pushing

the officer. He then stepped forward and grasped the officer's collar. The officer in turn clutched the defendant's shirt. As the two men grappled, the constable seized the defendant from behind, lifted him up, forced him to the ground, and sat on him.

The elements of the crime of disorderly conduct charged against the defendant are: (a) engaging in tumultuous or threatening behavior with (b) an intent to cause public inconvenience or annoyance. On appeal, the defendant claims that there was no showing of any threatening behavior, no showing that he intended any public inconvenience, no showing that the public was inconvenienced, and, in the alternative, that the constable provoked him.

■■ To support a finding of guilt, it is sufficient that the defendant have committed the act prohibited by the statute with the intent to cause public inconvenience or annoyance. Although the testimony is conflicting, as stated above, the record does support a finding that the defendant engaged in threatening behavior toward the constable. "As trier of fact it was the sole province of the jury to determine the weight of the evidence, credibility of the witnesses and the persuasive effect of the testimony." *State* v. *McSheffrey*, 131 Vt. 329, 333, 306 A.2d 702, 705 (1973).

"Intent, a state of mind, is rarely proved by direct evidence but is usually inferred from a person's acts and proved by circumstantial evidence." *State* v. *Arbeitman*, 131 Vt. 596, 601, 313 A.2d 17, 20 (1973). The evidence recited above provides sufficient basis for the jury to have found the requisite intent.

We are satisfied, from our review of the record, that sufficient competent evidence was introduced upon each element of the crime charged to support a finding of guilty. Moreover, the trial court is not shown to have abused its discretion in denying the motion for new trial.

■ The defendant also appeals his conviction under 13 V.S.A. § 1028(a). Section 1028(a) imposes mandatory penalties upon a "person convicted of a simple or aggravated assault against a law enforcement officer or fireman while the officer or fireman is performing a lawful duty . . . ." Simple

assault is defined in 13 V.S.A. § 1023(a). "A person is guilty of simple assault if he: (1) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another . . . ." On appeal, the defendant does not deny scuffling with the state policeman. He argues, however, that he was entitled to resist because the officer made an illegal arrest and that the grappling was merely in self-defense.

At the defendant's request, the jury was charged on self-defense. In returning a verdict of guilty, the jury rejected his claim. Again, as we noted previously, the evidence is conflicting, but there is sufficient basis to support the jury's finding. There is no error. Furthermore, the court is not demonstrated to have abused its discretion in denying the motion for new trial.

*The judgments of guilty as to each information are affirmed.*