**State of Vermont v. Arnold J. Norton, Sr.**

[431 A.2d 1244]

No. 165-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed May 15, 1981

*James P. Mongeon,* Rutland County State's Attorney, Rutland, for Plaintiff.

*Martin Nitka,* Ludlow, for Defendant.

**Per Curiam.** A jury found the defendant guilty of grand larceny under 13 V.S.A. § 2501. He appeals.

Taking the evidence most favorable to the State, the defendant received a loan check from the bank's loan officer for $750, then went to the teller area to cash the check. The teller misread the check to call for $7,500 and went to the vault to get extra cash. She came back to the counter, counted the money in view of the defendant and placed the money on the counter in a pile of two.$2,000 bundles, three $1,000 bundles and five $100 bills. The defendant took the money and left the bank. The teller subsequently discovered her error. An audit of her window revealed that she was $6,750 short.

The defendant makes two claims. First, he contends that the lower court erred in failing to order, on its own motion, judgment of acquittal for insufficiency of evidence. Second, he argues that the lower court's instruction on intent was incorrect.

The defendant asserts that the evidence was insufficient to show the key element in larceny, an intent to take the

534

property from the owner. The defendant claims that the State did not fulfill its obligation to prove his intent. He never made a V.R.Cr.P. 29(a) motion for directed verdict, however, either at the end of the State's case or at the end of the trial. This Court has stated that, "[W]here the claim of insufficiency of the evidence to support the charge is not presented to the lower court at the end of the trial by a motion under the rule for judgment of acquittal, the issue is not preserved for appellate review." *State* v. *Winters*, 136 Vt. 469, 470, 392 A.2d 429, 430 (1978). This is true even when the defendant moves for acquittal after the State's case, but fails to renew the motion at the end of the defendant's case. *Id.; State* v. *Bressette*, 136 Vt. 315, 316–17, 388 A.2d 395, 396 (1978). Since in this case the defendant never made the motion at all, he has not preserved the issue of the sufficiency of the evidence for appeal.

■ Nevertheless, the defendant contends that the court should have moved for acquittal on its own motion, invoking the "plain error" rule. V.R.Cr.P. 29(a) provides, "The court . . . of its own motion shall order the entry of judgment of acquittal . . . if the evidence is insufficient to sustain a conviction . . . ." A court should move for acquittal only when the record reveals that the evidence is so tenuous that a conviction would be unconscionable. See *State* v. *Welch*, 136 Vt. 442, 394 A.2d 1115 (1978); *United States* v. *Bullock*, 551 F.2d 1377, 1385 (5th Cir. 1977).

The substantive issue in this case is whether the defendant had the requisite intent to take the money when he allegedly received the overpayment. The State proffered the testimony of the bank teller, who said that she counted the money in front of the defendant. While not conclusive as to the defendant's awareness of the mistake and thus demonstrative of his intent to take money not his, the evidence is sufficient to prevent a finding of glaring error or manifest injustice and supports the conviction.

■■ The defendant also claims that the judge charged the jury incorrectly regarding proving the requisite intent. The defendant never objected to the charge, however. Failure to object to a jury charge likewise usually bars a defendant from raising the objection on appeal unless the error is "glar-

ing." *State* v. *Morrill*, 127 Vt. 506, 511, 253 A.2d 142, 145 (1969). The Court will invoke the plain error rule only if the error reaches constitutional dimensions, or is so egregious as to be uncontrovertibly unjust. *Id.* That exception does not apply here.

*Judgment affirmed.*