## State of Vermont v. John W. Cole

[554 A.2d 253]

No. 86-023

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed September 30, 1988

*Kevin G. Bradley, Chittenden County State's Attorney,* and *Janet Murnane, Deputy State's Attorney,* Burlington, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Dooley, J.** The main question in this case is whether the State proved sufficient facts to convict defendant, John Cole, of disorderly conduct in violation of 13 V.S.A. § 1026. The trial court found sufficient proof and submitted the case to the jury, which convicted defendant. We affirm.

The charge in this case arose out of an incident that occurred on the evening of April 11, 1985. Two Colchester police officers were on duty in their cruiser when they observed an automobile with only one operable headlight. They stopped the vehicle and

noticed it had three occupants; the sole occupant of the rear seat was defendant John Cole. The vehicle also contained two rifles in plain view to the officers. One of the officers reached into the vehicle to remove one of the rifles. The defendant grabbed the stock of the rifle to prevent its removal and held on. A pulling contest ensued, and the officer was able to remove the rifle after some struggle.

Following the skirmish over the rifle, the officers asked the occupants to keep their hands in plain view. Defendant did not comply with this direction, instead hiding his hands under his shirt. At that point, all the occupants were ordered from the vehicle, and they complied with this order. Defendant resisted an ensuing pat-down search, and at one point grabbed the flashlight of the officer who was trying to search him in an unsuccessful attempt to gain possession of it.

Based on the above facts — particularly the struggle over the gun and the attempt to take the flashlight — the defendant was charged with disorderly conduct. In pertinent part, the statute under which defendant was charged, 13 V.S.A. § 1026(1), provides that a person is guilty of disorderly conduct if he, "with intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof: (1) Engages in . . . threatening behavior . . . ." The defendant moved for dismissal for lack of a prima facie case under V.R.Cr.P. 12(d). The motion was initially denied without hearing. Reconsideration of the denial was refused after a full evidentiary hearing in which the above facts were shown through testimony of the officers. The defendant also moved at the conclusion of the State's case for a judgment of acquittal on the ground that "there's no threatening behavior." The trial court found that the jury could conclude that defendant's actions were threatening and denied the motion. The defendant did not renew the motion at the close of his case.

Although there was some discussion of the elements of the crime at the charge conference, the defendant indicated satisfaction with the elements both at the conference and after the charge was given to the jury. In fact, the jury evidenced some confusion over the elements of the offense, and the court reread to them the instruction on the elements with no objection from the defendant.

Defendant raises the sufficiency of the evidence to convict in two ways in this Court. First, he alleges that the dismissal mo-

tion should have been granted. Second, he argues that the motion for acquittal should have been granted. We decline to review the second contention because the defendant did not renew the motion to acquit at the close of all the evidence. Our precedents clearly require such a motion as a prerequisite to appellate review absent plain error. See *State* v. *Norton*, 139 Vt. 532, 534, 431 A.2d 1244, 1245 (1981); *State* v. *Winters*, 136 Vt. 469, 470, 392 A.2d 429, 430 (1978); *State* v. *Bressette*, 136 Vt. 315, 316-17, 388 A.2d 395, 396 (1978). By failing to move for acquittal at the close of the evidence, defendant waived any claim of error in connection with the denial of the motion following the close of the State's case.[1]

On the first contention, the burden imposed on the State by the motion to dismiss for lack of prima facie case was to establish "substantial, admissible evidence as to the elements of the offense challenged by the defendant's motion . . . sufficient to prevent the grant of a motion for judgment of acquittal at the trial . . . ." V.R.Cr.P. 12(d)(2). The burden is actually the same as that in response to a motion for judgment of acquittal, although the State can use affidavits and depositions to meet its burden on a Rule 12 motion. See *id.*; *State* v. *Burnham*, 145 Vt. 161, 164-65, 484 A.2d 918, 921 (1984). Thus, the question for us is whether the State has demonstrated evidence "fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt" when we view the evidence in the light most favorable to the State and exclude modifying evidence. *State* v. *Norton*, 147 Vt. 223, 229, 514 A.2d 1053, 1058 (1986) (quoting Reporter's Notes to V.R.Cr.P. 29(a)).

In this case, the State specified two acts which it alleged were "threatening behavior": (a) the holding of the rifle and (b) the grabbing of the flashlight. We agree with the State that the second is sufficient to sustain a conviction under the statute and, thus, do not consider the first act. Our disorderly conduct statute is derived in large part from § 250.2(1) of the Model Penal Code.[2] The comments to that section point out that it is really a criminal

---

[1] The State has made no claim that the failure to move for acquittal at the close of the evidence also prevents review of the Rule 12(d) motion decision. None of our precedents have imposed this requirement for review, and we do not consider it now.

[2] The Model Penal Code section is actually broader than our statute. Under the Code the requisite intent can be to cause "public alarm" as opposed to annoy-

public nuisance statute. See Model Penal Code § 250.2 comment 2, at 328-29 (1980).

In *State* v. *Lund*, 144 Vt. 171, 178-79, 475 A.2d 1055, 1060-61 (1984), we upheld a conviction for disorderly conduct where the defendant yelled obscenities at a sheriff and attempted to bite his hand. These actions occurred at a building which served as the sheriff's office and local jail. We found that the actions occurred in a place "open to common or general use" and thus in a public place. *Id.* at 179, 475 A.2d at 1061. On that basis, we found that the necessary public element was present.

Based on *Lund*, defendant's act in grabbing the flashlight meets the statutory standard. It occurred on the public roadway, an area that is clearly open to general and common use. See also Model Penal Code § 250.2(1) (1980) (definition of public place includes "highways"). As *Lund* makes clear, the presence or absence of members of the public is not determinative — we must look to the risk created by defendant's act. Defendant's resistance to arrest by attempting to take the flashlight could be found by the jury to create such a risk. See *Commonwealth* v. *Coolbaugh*, 272 Pa. Super. 491, 494, 416 A.2d 563, 565 (1979).

Defendant argues, however, that his act could not be found to be threatening behavior, particularly because there was no showing of intent to threaten the police officer. The criminal intent element of the statute is clearly specified in relation to the public impact. See *Commonwealth* v. *Hughes*, 270 Pa. Super. 108, 111, 410 A.2d 1272, 1274 (1979). We agree with defendant, however, that the word "threaten" includes some element of volition. A threat is a communicated intent to inflict harm on person or property. Black's Law Dictionary 1327 (5th ed. 1979). Threatening behavior is behavior that communicates the requisite intent.

While we agree with defendant that the statute requires some aspect of intent, we cannot agree that the aspect is missing in this case. Intent is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence. *State* v. *Pickett*, 137 Vt. 336, 339, 403 A.2d 272, 274 (1979). Here, the jury could find that the defendant attempted to take the flashlight away from the officer to use as a weapon against him. Cf. *People* v. *Harvey*, 307 N.Y. 588, 590, 123 N.E.2d

ance or inconvenience. Our statute does not contain this alternative. See 13 V.S.A. § 1026.

81, 82 (1954) (attempting to take a nightstick from a policeman is a "disorderly act"). Thus, the act of grabbing the flashlight could be found to be threatening behavior, done to communicate the intent to harm.

There was sufficient evidence to go to the jury on the charge that defendant committed the crime of disorderly conduct when he grabbed the policeman's flashlight in the roadway. The motion to dismiss for lack of a prima facie case was properly denied.

■ Defendant's final contention is that the trial court committed plain error when it failed to charge the jury that defendant should be acquitted if he was found to have acted in self-defense. In defendant's view, the defense was made out from his testimony that he grabbed the flashlight because it was being pushed into his neck and hurt him. Thus, defendant argues that he had the right to prevent the excessive force involved in the use of the flashlight.

Defendant failed to request a charge on self-defense and failed to object to the absence of such a charge before the jury retired. Normally, the failure to object to a defect in the charge is fatal to appellate review of the defect. See V.R.Cr.P. 30. However, we can review plain errors affecting substantial rights in the absence of an objection. See V.R.Cr.P. 52(b). To allow review in such circumstances, the error must be "an obvious one and so grave and serious as to strike at the very heart of a defendant's constitutional rights or adversely to affect the fair administration of justice." *State* v. *Ramsay*, 146 Vt. 70, 75, 499 A.2d 15, 18 (1985).

Defendant's evidence, if believed, showed that there was no threat in defendant's actions. It is difficult to see how the jury could have concluded from that evidence that defendant committed the crime but acted in self-defense. Thus, we do not believe that any error rose to the level of plain error. Accordingly, defendant cannot raise the failure to charge self-defense on appeal.

*Affirmed.*