*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-346

MAY TERM, 2011

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Rutland Unit, |
| | } Criminal Division |
| | } |
| Jessica Stone | } DOCKET NO. 1318-9-09 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant, who was convicted by jury of assault and robbery, argues that the State presented insufficient evidence for the jury to have found that she attempted, by physical menace, to place the complainant in fear of serious bodily injury. We affirm.

The complainant testified at trial that defendant's sister came to her apartment to give her a ride to pick up her son. The complainant further testified that while the sister was in the bathroom, defendant, whom the complainant did not know, entered the apartment, pulled out what appeared to be a real gun, demanded money from the complainant, punched the complainant in the eye, and removed the complainant's purse from her shoulder. According to the complainant, after ordering her and the sister into a closet, defendant fled the apartment. Shortly thereafter, sister exited the apartment and left in her vehicle. Police were immediately notified after defendant left the apartment. A nearby police officer, while responding to the call, observed the sister driving her vehicle alone in the vicinity of the complainant's apartment. The officer was informed of the direction taken by defendant and went in search. He then spotted defendant in the sister's vehicle. The officer stopped the vehicle, recovered the complainant's purse, and arrested defendant and her sister.

Defendant was charged with assault and robbery with a dangerous weapon. See 13 V.S.A. § 608(b). Following the trial, the jury found defendant not guilty of that charge, but guilty of the lesser included offense of assault and robbery. See id. § 608(a). Defendant argues on appeal that the State did not present sufficient evidence on the requisite element of placing the complainant in fear of serious bodily injury. However, she concedes that because she did not properly preserve her motion for judgment of acquittal at the conclusion of the trial, the issue on appeal is whether the trial court should have acquitted her on its own motion because the evidence on the challenged element was so tenuous as to make her conviction for assault and robbery unconscionable. See State v. Norton, 139 Vt. 532, 534 (1981) (per curiam), overruled on other grounds by State v. Brooks, 163 Vt. 245 (1995). Upon review of the record, we conclude that defendant does not come close to meeting this rigorous standard.

Defendant claims that because the jury found her not guilty of assault and robbery with a dangerous weapon, the jury must have found that she was not armed with a gun and thus the

evidence was necessarily insufficient to establish that she attempted, by physical menace, to place the complainant in fear of serious bodily injury. This argument does not withstand scrutiny. The jury's verdicts can be reconciled because the gun that defendant allegedly displayed was never found and thus there was some uncertainty at trial as to whether it was a real gun capable of inflicting serious bodily harm. The jury could have concluded that the State did not prove beyond a reasonable doubt that defendant displayed a dangerous weapon capable of causing serious bodily injury, but that the State did prove that defendant displayed what appeared to be a real gun which placed the complainant in fear of serious bodily injury. Moreover, contrary to defendant's contention on appeal, the trial court's jury instructions did not restrict the threat of physical menace to displaying a weapon, and thus the jury could have concluded that, by striking the complainant in the eye, defendant attempted, by physical menace, to place the complainant in fear of serious bodily injury. In any case, the evidence of guilt was overwhelming. This is not a situation where the evidence on any element of the offense was so tenuous as to render the conviction unconscionable.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

2