*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-450

JULY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Gregory H. Penn a/k/a David Smith | } | DOCKET NO. 1457-12-08 Bncr |

Trial Judge: David T. Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals his jury conviction on three counts of aggravated sexual assault and one count of sexual assault, arguing for the first time on appeal that the evidence was insufficient to establish that he was the man who committed the alleged offenses.  We affirm.

In 2008, defendant was charged with four counts of aggravated sexual assault and one count of sexual assault for conduct that was alleged to have occurred between January 1, 1998 and May 26, 2001.  The information alleged that defendant sexually assaulted C.S., who was under the age of ten at the time of the alleged offenses, by digital penetration on two occasions and by intercourse on two occasions.  The information also alleged that defendant sexually assaulted by digital penetration C.S.'s sister, A.G., who was under the age of sixteen at the time of the alleged offense.  At the close of the evidence at trial, the State dismissed one of the aggravated sexual assault charges involving sexual intercourse, and the jury convicted defendant on the remaining charges.

On appeal, defendant argues that the evidence at trial was insufficient to demonstrate beyond a reasonable doubt that he was the person who committed the charged offenses.  Defendant moved for a judgment of acquittal at the close of the State's case, but not on the issue of identity.  Because he failed to raise the identity issue or renew his motion for judgment of acquittal upon completion of his evidence, the issue on appeal is whether the trial court should have entered a judgment of acquittal on its own motion because "the record reveals that the evidence is so tenuous that a conviction would be unconscionable."  State v. Norton, 139 Vt. 532, 534 (1981), overruled on other grounds by State v. Brooks, 163 Vt. 245 (1995).

Upon review of the record, we conclude that defendant cannot satisfy that standard.  Both C.S. and A.G. testified that they were sexually assaulted by a black man with a Jamaican accent whom they knew as "Eddie" and who was a regular drug customer at their mother's home.  The investigating detective testified that defendant had a Jamaican accent, and the jury heard a recording of his voice.  The detective also testified that defendant admitted going by the name "Eddie," that he had used aliases with the name "Eddie," and that a public record from 1998 indicated that defendant and "Eddie" were the same person who had a connection to the home where the victims lived with their mother at the time of the alleged assaults.  A.G. and another

sister who was not a victim identified defendant in a police photo array as the person they knew at that time as "Eddie." C.S., who was only four or five years old at the time of the assaults, was unable to identify defendant in the police photo array, but did identify him in the courtroom at trial as the perpetrator of sexual assault against her. The second putative victim, her older sister A.G., testified that she too was digitally penetrated by the same "Eddie," whom she also identified in court as the defendant. Despite defendant's competing evidence that the girls were exposed to a steady stream of men buying drugs at mother's residence, including one other with a Jamaican accent, the state's proof of defendant's identity ten years later as the perpetrator of the alleged offenses was not so tenuous as to demonstrate that the conviction in this case is unconscionable.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

2