*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-279

JUNE TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Gregory McKirryher, Jr. | } | DOCKET NO. 875-6-12 Rdcr |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Defendant appeals from convictions stemming from drug charges, arguing that the evidence was insufficient to establish his guilt. We affirm.

In June 2012, the State charged defendant with aiding in the sale of cocaine and aiding in the sale of a non-controlled drug that was represented as a controlled substance. The charges stemmed from an undercover drug transaction in which defendant allegedly aided another person in selling what turned out to be one piece of crack cocaine and two pieces of an undetermined substance to a confidential informant. A bench trial was held in November 2012, after defendant waived his right to a jury trial. Following the trial, the court found defendant guilty of both charges. In so ruling, the court concluded that the evidence was sufficient to satisfy all of the elements of the charged crimes, including defendant's intent to sell cocaine.

On appeal, defendant's sole argument is that the State failed to establish that defendant knowingly handed the informant anything more than a cigarette pack during the drug transaction. In reviewing a sufficiency of the evidence claim, we must determine "whether the evidence, viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Hammond, 2012 VT 48, ¶ 14, 192 Vt. 48 (quotation omitted). As found by the court, the evidence showed that defendant: (1) drove the person who was targeted by police to the location where she had agreed to meet the buyer, who turned out to be a confidential informant; (2) spoke to the informant when he approached the car and directed him to move aside for a minute while she retrieved it from her person (3) shortly thereafter signaled the informant to return to the car; (4) took $150 in cash from the informant; and (5) handed to the informant a cigarette pack that the target previously had handed to him. There was also evidence that when the informant queried the target about having placed the cigarette pack in her crotch, she responded that she did so because she was scared after having seen a sheriff on her way over to their arranged location. Moreover, there was evidence that defendant admitted to police that he had sold drugs numerous times with the target within the past three-to-six months, during which time the instant transaction took place.

These facts are sufficient for a reasonable trier of fact to determine beyond a reasonable doubt that defendant knowingly sold a controlled substance to the informant. See State v. Cole, 150 Vt. 453, 456 (1988) (recognizing that intent is rarely proved by direct evidence and may be inferred from defendant's acts, words, and other circumstantial evidence); cf. United States v. John-Baptise, 747 F.3d 186, 206 (3d Cir. 2014) (determining that jury could reasonably conclude that police officers "had enough common sense and knowledge to understand that if [defendant] expected $3500 for the sale of whatever was in the paper bag, . . . the bag surely didn't contain a tuna fish sandwich").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice