*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-225

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| James A. Manning | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew A. Pallito | } | DOCKET NO. 404-8-15 Wrcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the trial court's decision granting summary judgment to the State on his complaint under Vermont Rule of Civil Procedure 75. He argues that there was no evidence to show that he intentionally or knowingly lied about his interaction with a prison guard. We affirm.

The facts are undisputed. Petitioner is incarcerated. In May 2015, he was issued a Major A disciplinary report for violating Department of Corrections (DOC) policy by "intentionally and/or knowingly making a false allegation against any staff person." The violation was based on contradictory reports that petitioner made about an incident with a prison guard. At a hearing on the violation, the DOC submitted a memorandum from the prison's assistant superintendent. According to the memorandum, petitioner called an inmate hotline on May 4, 2015, to report that a prison guard had grabbed him by the shirt four days earlier, on April 30. Petitioner repeated this claim to the assistant superintendent on May 15. Petitioner also filed three written grievances on April 30, May 1, and May 6. In all of these grievances, petitioner instead reported that the guard grabbed his ID tag and lanyard, not his shirt. When the superintendent brought these discrepancies to petitioner's attention, petitioner replied that he had been "too excited to include being grabbed by his shirt" in the written grievances. The guard admitted that he took hold of petitioner's ID tag, but without force. Two inmates gave statements and testified at the hearing. One stated that the guard grabbed petitioner by the shirt, while the other testified that the guard grabbed petitioner's ID tag. The hearing officer found petitioner guilty of the Major A infraction. He did not credit the first inmate's testimony, and he cited the three grievances that petitioner had filed in support of his decision.

Based on these facts, the superior court considered whether the hearing officer's decision was "supported by some evidence in the record," the standard of review in this type of proceeding. Herring v. Gorczyk, 173 Vt. 240, 243 (2001). Petitioner argued that he did not intentionally or knowingly lie when he stated that the guard grabbed his shirt because the discrepancies in his

statements regarding his interaction with the prison guard resulted from excitement. The court rejected petitioner's position. While there was no direct evidence of petitioner's intent or knowledge, the court found sufficient circumstantial evidence to support the hearing officer's finding. It explained that at the hearing, petitioner appeared to have argued that the guard grabbed his shirt, rather than his ID tag. The court inferred this from petitioner's statement to the superintendent that "he was too excited to include being grabbed by his shirt." Thus, it was petitioner's position that his three written grievances, rather than his statement to the hotline, were incorrect. The hearing officer concluded, after receiving testimony from two inmate witnesses and reviewing the written record, that the guard did not grab his shirt. As such, the court found it within the hearing officer's discretion to infer from the circumstantial evidence that petitioner knowingly or intentionally misstated that the guard grabbed his shirt, and that this statement was not made out of confusion or excitement. The court thus granted summary judgment to the State. This appeal followed.

On appeal, petitioner again asserts that the DOC failed to present any evidence that he intentionally or knowingly lied about the guard's actions. Petitioner contends that there is no evidence to show what position he took before the hearing officer, i.e., whether he argued that the guard grabbed his shirt rather than his ID and lanyard, and thus, there is nothing to show that his written grievances were incorrect. Petitioner also argues that it is common to report the details of an upsetting event incorrectly and that this is distinguishable from intentionally or knowingly lying.

As reflected above, we apply an "extremely tolerant" standard for upholding prison disciplinary violations. Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). We will uphold the hearing officer's final determination "if it is supported by 'some evidence' in the record." Herring, 173 Vt. at 243. "To determine whether the 'some evidence' standard is met, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (quotation omitted).

We agree with the trial court that there is evidence here from which the hearing officer could find that petitioner intentionally and/or knowingly made a false allegation against a staff person. As this Court has explained, "[i]ntent is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence." State v. Cole, 150 Vt. 453, 456 (1988). In this case, petitioner acknowledges that he made inconsistent reports about what occurred. He made two written reports shortly after the incident in which he stated that the guard grabbed his ID and lanyard. Three days later, he made an oral report that the guard grabbed his shirt. Two days after that, petitioner asserted in writing that the guard grabbed his ID and lanyard. Finally, nine days later—and more than two weeks after the alleged incident—petitioner again asserted that the guard grabbed his shirt. It is reasonable to infer that petitioner continued to assert that the guard grabbed his shirt as reflected in his statement to the superintendent. It was equally reasonable to infer from his inconsistent reports that petitioner intentionally or knowingly made a false allegation in his call to the hotline and his statement to the assistant superintendent. While petitioner argues that one might unknowingly misstate the "details" of an allegation, the factfinder concluded otherwise, and the factfinder was not obligated to accept petitioner's explanation for his actions. Mullin v. Phelps, 162 Vt. 250, 261 (1994) (role of Supreme Court "in reviewing findings

of fact is not to reweigh evidence or to make findings of credibility de novo").  We find no grounds to disturb the disciplinary decision.

       <u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice