**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-339

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

State of Vermont v. Jacob A. Smith\*

}    APPEALED FROM:
}    Superior Court, Bennington Unit,
}    Criminal Division
}    CASE NO. 21-CR-07081
     Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals a conviction of aggravated assault with a deadly weapon following a jury trial. On appeal, defendant argues that the State failed to prove beyond a reasonable doubt that he acted with the requisite intent and that the court committed plain error when instructing the jury. We affirm.

At trial, the State presented evidence demonstrating the following. Defendant rented an upstairs apartment in a building owned by complainant. Complainant received a 3 a.m. telephone call from the downstairs tenants, who reported that water was coming through the ceiling and one tenant had received an electric shock when turning on the lights. In response, complainant traveled to the building and turned off the water main in the basement. Complainant then went to defendant's upstairs apartment because it appeared to be the source of the water. Based on defendant's prior statements, complainant believed that defendant was not home. Complainant entered the apartment without knocking and went directly to the bathroom where he found the tub full of clothes and the water overflowing.

While cleaning up, complainant realized defendant was present in the apartment and heard him yelling from the bedroom. Complainant mopped up the spilled water, returned to his vehicle for his phone, and took videos to document the condition of the apartment. Defendant continued to argue with complainant, told complainant he had COVID-19, and threw a mask at complainant. Defendant also threw a beer can at complainant. Defendant went into the kitchen, got a knife, returned to the bedroom, and laid the knife on the ground. Complainant attempted to take a picture of the knife, but defendant knocked the phone out of complainant's hands.

Defendant then picked up the knife and began trying to stab complainant in the legs. During a struggle over the knife, defendant cut complainant's finger. Complainant was able to leave the apartment, but defendant slammed the door on his arm. Complainant later noticed he had a "little spot" on his leg but was unable to determine whether it was from defendant's knife.

The State charged defendant with aggravated assault with a deadly weapon. See 13 V.S.A. § 1024(a)(2) ("A person is guilty of aggravated assault if the person . . . attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon."). The State proceeded on theories of both attempted and completed bodily injury at trial. Following presentation of the State's case, defendant moved for judgment of acquittal arguing that there was no evidence to show that he acted purposefully or knowingly to harm complainant. The court denied the motion, concluding that the evidence viewed in a light most favorable to the State provided a sufficient basis for the jury to find beyond a reasonable doubt that when defendant started stabbing towards complainant's legs, he did so purposefully and knowingly to injure or an attempt to cause injury. The court also denied defendant's renewed motion for acquittal at the close of the evidence.

In the jury instructions, the criminal division did not charge the attempted and the completed acts separately, but instead as disjunctive elements of the same offense. Defendant did not object to this approach and further agreed that the instructions did not need to identify the alleged bodily injury sustained by complainant. The jury convicted defendant of aggravated assault with a deadly weapon. Defendant appeals.

Defendant first argues that the criminal division erred in denying his motion for judgment of acquittal. To convict defendant of aggravated assault under § 1024(a)(2), the State had to prove, among other things, that his act was done "purposefully and knowingly." State v. D'Amico, 136 Vt. 153, 156 (1978). On review of a motion under Vermont Rule of Criminal Procedure 29 for insufficiency of the evidence, "we must consider whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Johnson, 2013 VT 116, ¶ 26, 195 Vt. 498 (quotation omitted). "A judgment of acquittal is proper only if the prosecution has failed to put forth any evidence to substantiate a jury verdict." Id.

Here, when viewed in a light most favorable to the State, the evidence was sufficient for the jury to find that defendant purposefully or knowingly caused or attempted to cause injury to complainant. "Intent is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence." State v. Cole, 150 Vt. 453, 456 (1988). Defendant's actions here included the following. Defendant engaged in aggressive and violent behavior towards the complainant by yelling at him, throwing a beer can at him, brandishing a knife, using the knife to stab towards complainant's legs, grabbing complainant's cell phone, struggling with complainant over the knife, causing an injury to complainant's hand, and slamming the door on complainant's arm. From these facts, the jury could infer that defendant had the necessary intent to harm complainant. See State v. Dow, 2016 VT 91, ¶¶ 8, 10, 202 Vt. 616 (noting that attempt to assault requires intent to commit assault and concluding circumstantial evidence of defendant's behavior sufficient to find specific intent).

2

Defendant appears to concede that the jury could find that he attempted to assault complainant when he stabbed towards complainant's legs but claims that the State failed to identify this act as the assault. There was no error. The statute refers to bodily injury; it does not require the State to identify which body part was injured or attempted to be injured. In any event, during the charge conference, defendant agreed that the instructions did not have to identify "specifically, what the injury is in either the attempt or in the causation of the bodily injury." Having agreed to that framework below, defendant is precluded from challenging it on appeal. See State v. Morse, 2019 VT 58, ¶ 9, 211 Vt. 130 ("Defendant may not inject error into the proceedings by advocating for one type of jury instruction and then attempt to profit from the legal consequences of the error by challenging the same instruction on appeal." (quotation omitted)).

In a related argument, defendant contends that the court erred in instructing the jury by conflating the instructions for attempted aggravated assault with those for aggravated assault. Defendant argues that by conflating the instructions, the court failed to identify the specific act that constituted the assault* and did not provide the requisite intent for attempted aggravated assault. Defendant concedes that he did not preserve these objections below and claims that they amounted to plain error.

Plain error occurs "only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." In re Carter, 2004 VT 21, ¶ 21, 176 Vt. 322 (quotation omitted). "Plain error analysis evaluates four factors: (1) there must be an error; (2) the error must be obvious; (3) the error must affect substantial rights and result in prejudice to the defendant; and (4) we must correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." State v. Cahill, 2013 VT 69, ¶ 15, 194 Vt. 335 (quotation omitted). "Plain error review of jury instructions assesses the instructions as a whole to determine if they breathe the true spirit of the law, and if there is no fair ground to say that the jury has been misled." Id. ¶ 14 (quotation omitted).

Taken as a whole, the jury instructions in this case provided sufficient guidance to the jury on the elements of aggravated assault and attempted aggravated assault. The court delineated the elements, directing the jury that it had to find defendant "attempted to cause or caused bodily injury" to complainant, that he did so "purposefully and knowingly," and that he attempted or cause bodily injury by the use of a deadly weapon. The court further described each element in detail, including explaining that an attempt "requires an open physical act by [defendant] coupled with an intent to commit the offense." Finally, the court included an unanimity instruction, directing the jury that all members had to agree on whether defendant caused injury or attempted to cause injury and on the particular act. Because these instructions

---

∗ As explained above, on this point, defendant did not just fail to preserve the argument below; he affirmatively conceded that the State was not required to identify a particular bodily injury. Having made that tactical decision at trial, he is precluded from now alleging error on this basis on appeal.

were not misleading and properly included all elements of the charged offenses, there was no plain error.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice