**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-159



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

| | |
|---|---|
| State of Vermont v. Matthew C. Merwin*     } | APPEALED FROM: |
| } | Superior Court, Rutland Unit, |
| } | Criminal Division |
| } | CASE NO. 1282-12-19 Rdcr |
| | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

Defendant Matthew Merwin appeals his conviction of simple assault following a jury trial. He argues that the court erred in denying his motion for a judgment of acquittal. We affirm.

The State charged defendant with simple assault, unlawful trespass, and providing false information to a law-enforcement officer following a November 2019 incident at complainant's business in Castleton, Vermont. At defendant's one-day trial, the State presented testimony from complainant and the Castleton police chief and introduced several videos and photographs. This evidence demonstrated the following.

Complainant owns a power-sports and lawn-and-garden shop. Defendant lives with his parents in a home approximately fifty yards from the edge of the shop's parking lot. Complainant and defendant had met in person on numerous occasions prior to November 18, 2019.

That morning, complainant opened his shop and began working on a tractor. He heard the front door chime and later looked up to find defendant standing in the service bay. Defendant asked complainant whether "the trespass order was over." Complainant responded that he was unsure, but told defendant that he needed to leave regardless. Defendant then walked back toward the store's front counter and complainant followed. When the two men reached the counter, defendant turned and punched complainant in his left eye. This caused complainant extreme pain and impaired his vision, and he began bleeding from his eye and nose. Defendant immediately fled from the shop through the front door, leaving it open. Complainant watched through the open doorway as defendant ran across the parking lot, headed in the direction of his home. The entire interaction lasted approximately forty-five seconds to one minute.

Complainant called 911, and the police chief arrived at the shop to find complainant upset, with blood running down his face. He showed the police chief what appeared to be a still-

wet pool of blood on the floor near the front counter. The State presented footage from the police chief's body-worn camera that was consistent with his testimony about what he observed, as well as photographs showing the damage to complainant's left eye after the blood had been cleaned from his face.

The State also introduced footage from complainant's security cameras. Complainant testified that these videos showed defendant walking toward the shop from across the parking lot, entering through the front door, and then sprinting away in the direction of his home less than a minute later. Complainant also explained, based on his experience with his security system, that the video timestamps are not always correct. Though the footage was marked "11:25," complainant noted that the incident occurred at 9:00 a.m. The police chief was also familiar with defendant and identified him as the person in the security footage based on his face, hair, and beard.

After the close of the State's case, defendant moved under Vermont Rule of Criminal Procedure 29 for a judgment of acquittal on all three counts. With respect to the simple-assault charge, he argued that the State's evidence was insufficient to corroborate the complainant's initial verbal statement to the police. The court granted the motion as to the false-information and trespass charges but declined to enter a judgment of acquittal as to the simple assault.

Defendant then called his mother and father, who testified that they both ate breakfast with him on the morning in question between approximately 8:30 and 9:00. They denied seeing defendant leave the house at any time before the police chief arrived at 9:20 a.m. to inquire about complainant's report.

Defendant renewed his motion for a judgment of acquittal on the simple-assault charge at the close of evidence, and the court denied the motion on the same grounds. After deliberation, the jury found defendant guilty of simple assault. This appeal followed.

We review the denial of a motion for judgment of acquittal based on a claim of insufficient evidence without deference, applying the same standard as the trial court. State v. Stephens, 2020 VT 87, ¶ 10, 213 Vt. 253; see State v. McMahon, 2024 VT 67, ¶ 7. Under that standard, we must consider whether the evidence, viewed in the light most favorable to the State and excluding any modifying evidence, is sufficient to fairly convince a factfinder that the defendant is guilty beyond a reasonable doubt. McMahon, 2024 VT 67, ¶ 7.

Defendant contends that the State did not meet its burden because complainant's testimony that defendant punched him at 9:00 a.m. was both contradicted by defendant's parents' alibi testimony and uncorroborated by other evidence, including the timestamps on the security footage. We find these arguments without merit.

We first note that the testimony of defendants' parents is modifying evidence and, as a result, must be excluded from the Rule 29 analysis. As we explained in State v. Gibney, modifying evidence is "exculpatory evidence introduced by defendant, such as countervailing testimony," and we have "routinely treated alibi testimony as modifying evidence that does not prevent a case from going to the jury." 2003 VT 26, ¶¶ 14-15, 175 Vt. 180 (collecting cases in which alibi testimony excluded as modifying evidence).

Defendant's contention that complainant's testimony was uncorroborated and therefore insufficient to support a guilty verdict is at odds with the record which—as detailed above— shows that the State introduced ample evidence corroborating defendant's testimony. Moreover,

it is inconsistent with the Rule 29 standard, which "[b]y design, . . . largely defers to the important role of juries in our judicial system, such that Rule 29 permits the grant of a motion for judgment of acquittal—thereby removing a case from the jury's consideration—only when there is <u>no</u> evidence to support a guilty verdict." Stephens, 2020 VT 87, ¶ 10 (quotations and alteration omitted) (emphasis added).

That was not the circumstance here. The State charged defendant with simple assault under 13 V.S.A. § 1023(a)(1), and therefore needed to show that he "attempt[ed] to cause or purposely, knowingly, or recklessly cause[d] bodily injury" to complainant. Complainant testified that after he asked defendant to leave his business, defendant punched him in the face, causing him extreme physical pain and impairing his eyesight. See 13 V.S.A. § 1023(a)(1); <u>id</u>. § 1021(a)(1) (" 'Bodily injury' means physical pain, illness, or any impairment of physical condition."). The jury was entitled to credit complainant's testimony on this point. See Stephens, 2020 VT 87, ¶ 10. It was reasonable to infer from this evidence that defendant acted with the requisite mental state. See State v. Godfrey, 2010 VT 29, ¶ 18, 187 Vt. 495 ("So long as the jury by way of a process of rational inference could conclude beyond a reasonable doubt that defendant committed the act[] for which he was charged, we will not disturb the jury's verdict." (quotation omitted)); State v. Cole, 150 Vt. 453, 456 (1988) ("Intent is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence.").

Taking the evidence in the light most favorable to the State and excluding modifying evidence, the jury could fairly conclude beyond a reasonable doubt that defendant was guilty of simple assault. The trial court did not err in denying defendant's motion for a judgment of acquittal.

<u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice