WILLIAM H. PAGE *v.* TOWN OF NEWBURY.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 5, 1943.

*James B. Campbell* for the defendant.

*Conant & Parker* and *William S. Burrage* for the plaintiff.

STURTEVANT, J. This is an action of trespass on the freehold brought before the Caledonia County court. The defendant pleaded a parole license to justify the entry. The plaintiff had a verdict and judgment below and the case is here upon the defendant's exceptions.

From the evidence viewed in the light most favorable to the plaintiff the jury could reasonably find the following facts.

At all times here material the plaintiff was the owner of a tract of land containing about 150 acres and located in the town of Newbury in Orange County. A part of this tract, known as the Butson pasture, bordered the so-called swamp road on the west. A brook formerly ran out of the pasture, crossed the road, turned and again crossed the road and came back into the pasture. This made it necessary for the town to maintain two bridges over the brook, which bridges were about 30 rods apart. Sometime in the year 1934 the defendant town, acting through its duly authorized agent, asked the plaintiff for permission to change the course of the brook so as to run it across the pasture, thus doing away with the need of the two bridges. The plaintiff gave the town permission to do this upon the following terms. The town was to furnish $30.50 to pay taxes then due on the land, deliver to the plaintiff's residence in Groton what wood it cut in changing the course of the stream, replace fences torn down by it, and build stone abutments and place stringers thereon for a bridge across the new bed of the brook so that the plaintiff, by finishing the bridge, might continue to have access to his land as before. The town accepted these terms but performed none of them. The defendant entered upon the land, changed the course of the brook, moved some of the road fence back several feet, changed the width of the traveled part of the highway, for a distance of about 35 rods and adjacent to the pasture, from 12 feet to 24 feet. In connection with that project the defendant cut several maple trees. Several of the trees cut were used by the defendant in the construction of a dam in the pasture. The ditch which formed the new course of the brook left the plaintiff without a practicable and reasonable way of access to a considerable portion of his land. The fence built in the new location along the road was of poor quality.

We first consider the defendant's fifth and sixth exceptions which may be stated briefly as follows: The court below is without jurisdiction of the subject-matter because this is a local action for trespass on lands in Orange County and must be brought there. Therefore the Caledonia county court was without power and authority to enter judgment in this case.

In very early times, under the common law, all actions were local. 27 RCL p. 778, sec. 2. Later actions were classified as local and transitory. If the cause of action could have arisen in any place whatsoever, it was said to be transitory, and an action thereon might be brought in any county wherein the defendant was found. But if the cause of action could have arisen in one place only, it was local and suit could be brought only where the cause arose. 27 RCL p. 786, sec. 9; *McLeod* v. *Connecticut Railroad & P. R. Co.,* 58 Vt 727, 733, 734, 6 A 648.

However, we are not concerned here with what may have been the common law rule as to the trial of local actions because, in this respect, that rule has been superseded by our statutes, regulating the places where actions shall be brought, and none are local unless made so by statute. *University of Vermont* v. *Joslyn,* 21 Vt 52, 59; *June and wife* v. *Conant,* 17 Vt 656, 658. General jurisdiction of our county courts over civil actions is conferred by P. L. 1366 and so far as here material is as follows: "Each county court within the several counties shall have original and exclusive jurisdiction of all original civil actions, except those made cognizable by a justice or municipal court, * * *."

The provisions of P. L. 1565 here material are: "Actions before the county court shall be brought in the county in which one of the parties resides, if either resides in the state; otherwise the writ, on motion, shall abate; * * *, but * * * actions in tort for trespass on the freehold shall be brought in the county in which the lands lie."

The case at bar is a local action because it is made so by the provisions of this statute and not because it is local in character in that the trespass could have taken place only on the lands in question. These statutory provisions make this kind of action local only when it is brought to the county court. An action of this kind brought before a justice of the peace is not local because it is not made so by statute. *June* v. *Conant,* 17 Vt 656. The writ in

such case must be made returnable within the town where one of the parties resides, P. L. 1571, and this is true even though the land lies in another county. *June* v. *Conant,* 17 Vt at 657, 658. An action of replevin, brought under the provisions of P. L. 1910, is of a transitory character because it is for the recovery of personal property, *Collamer* v. *Page and Fifield,* 35 Vt 387, 390, and yet, as to the county where the goods are detained, it is made local by the following provisions of that statute. P. L. 1910. * * * "Such writs of replevin shall be brought in the county in which the goods are detained."

■ That the provisions of P. L. 1565 which make the case at bar a local action are the same in character as the quoted provisions of P. L. 1910 is self-evident. However, if, as in the present case, a suit is brought to the county court in the wrong county, in violation of such statutory provision, the error is a defect in process and in no way affects the general jurisdiction of the court over the subject-matter. *Collamer* v. *Page and Fifield,* 35 Vt at 389, 390; *University of Vermont* v. *Joslyn,* 21 Vt 52, 59; *Stone* v. *Van Curler,* 2 Vt 115, 116. Jurisdiction and venue distinguished, 67 CJ pp. 11 and 12. The defect in the process, being a matter of abatement, was waived by the defendant's failure to seasonably plead it. Cases last cited; also *Howe* v. *Lisbon Sav. Bank & Tr. Co.,* 111 Vt 201, 207 to 213 incl., 14 A2d 3.

The defendant has cited *Niles* v. *Howe,* 57 Vt 388, in support of its contentions. However, that case was for a trespass on lands in Massachusetts. For that reason the case differs from the one at bar. See 67 CJ pp. 11 and 12, sec. 1. The conclusions here reached are not inconsistent with any of the cases cited by the defendant.

That the plaintiff gave permission to the defendant to enter upon the lands in question for the purpose of changing the course of the brook is not questioned. Concerning this matter the court in charging the jury stated as follows:

"The law concerning the point * * * is that where a person has authority to enter on another's land, does enter on that land but exceeds the authority so given or fails to abide by the conditions imposed with the permission, that the party so exceeding his authority or violating the conditions becomes

a trespasser *ab initio,* or a trespasser from the beginning, and as such is legally liable for all the damages which his entry has caused."

The defendant excepted to this instruction upon various grounds including its contention that since the owner of the land gave the town permission to enter for the purpose of changing the course of the stream the defendant could not become a trespasser *ab initio* under the circumstances disclosed by the evidence in this case.

■ This exception must be sustained. There is a distinction between the abuse of a license or authority given by law to enter on the lands of another and the abuse of a license or authority to enter on lands given by the owner. In the former case the abuse of the license or authority renders the one entering a trespasser from the beginning. In the latter case the one entering does not become a trespasser *ab initio* by failure to perform the conditions under which permission to enter was given or by non-feasance or mal-feasance. However in such case the one entering may become a trespasser by committing active and positive acts not included in the terms of his license or authority to enter, but such subsequent acts will not affect the original entry so as to make such entry wrongful. While such acts may make one a trespasser they do not make him a trespasser *ab initio.* *Hubbell* v. *Wheeler,* 2 Aikens (Vt) 359, 362, 363; *Stone* v. *Knapp,* 29 Vt 501, 503, 504; *French* v. *Holt,* 57 Vt 187, 190; *Gregoir* v. *Leonard,* 71 Vt 410, 411, 412, 45 A 748. 26 RCL 943, sec. 18; 63 CJ 899, 900, 901, secs. 16 and 17.

■ The defendant seasonably moved for a directed verdict and excepted to the refusal of the court to grant this motion. The ruling was without error. There was evidence from which the jury could reasonably find that the defendant while entered upon the land committed positive acts outside of the license and authority given. Cutting more trees than reasonably necessary to change the water course and moving the fence to a new location if done without the permission or consent of the plaintiff would be acts for which the plaintiff would be entitled to recover here. However he would not be entitled to recover in this action for acts of non-feasance or mal-feasance such as failure to deliver the wood cut or failure to build the bridge abutments or default in furnish-

ing the money to pay the past due taxes. *Hubbell* v. *Wheeler,* 2 Aikens (Vt) 359, 362, 363; *Stone* v. *Knapp,* 29 Vt 501, 504; *French* v. *Holt,* 57 Vt 187, 190.

The conclusions reached make it unnecessary to consider other questions raised by the defendant's exceptions.

*Judgment reversed and cause remanded.*