### J. O. Bilodeau & Co., Inc. v. Cora Reed

(126 A2d 118)

May Term, 1956

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ. and Sylvester, Supr. J.**

Opinion Filed October 2, 1956.

*William F. Kissell* and *James E. Bigelow* for the defendant.

*Loveland & Hackel* for the plaintiff.

**Adams, J.** This is an action of tort brought in September, 1955, to the Windsor County Court. The writ sets forth that the plaintiff has its office and place of business at Barre in the County of Washington and that the defendant resides in Chester in the County of Windsor. The defendant entered a general appearance and filed no plea or answer so a general denial was considered pleaded. V. S. 47, §1613, par. II. The case came on for trial by jury in January 1956. During the opening statement of the plaintiff's attorney to the jury while it was being empaneled, it developed that the farm where the defendant resides is in Rockingham in the County of Windham and that she is not a resident of Chester in Windsor County. The empanelling of the jury was then completed.

The defendant then made motions, (1) that the complaint and action abate because it appears that neither party is a resident of Windsor County, where the action is brought and (2) that the court dismiss the action for lack of jurisdiction for the same reasons. The court denied the motions because they were too late and allowed the defendant an exception. The case was then tried by jury and at the close of the evidence, the defendant renewed her motions. They were again denied and exceptions allowed. Verdict and judgment were against the defendant. The exceptions to the denial of these motions are briefed and relied upon by the defendant.

The defendant cited and relied upon as the grounds of her motions that part of V. S. 47, §1604 that provides, "An action before the county court shall be brought in the county in which one of the parties resides, if either resides in the state; otherwise, on motion the writ shall abate."

■ The statutes in the various jurisdictions prescribing the counties in which a defendant may be sued, generally relate only to jurisdiction over the person, and confer on the defendant a privilege with regard to the place where he may be sued which may be waived by him; by appearing generally, a defendant waives such privilege and becomes subject to the jurisdiction of the court. 3 Am Jur Appearances, §31, p. 802.

■ A general appearance by some act which goes to the merits and does not raise the question of venue when it could have been raised waives the objection that the venue was wrong. whether it be because the defendant is privileged to be sued only in the county or district of his domicile or because the action is brought in a county or district in which neither plaintiff or defendant reside. 6 CJS Appearances, §18, p. 58, notes 75 and 78.

In *Wescott* v. *Briere*, 111 Vt 403, 17 A2d 244, this court had before it for construction P. L. §1492, now V. S. 47, §1528 which provides that, "A writ of summons or attachment requiring a person to appear and answer before a court shall not be issued until sufficient security is given to the defendant, by way of recognizance, ***. If the writ is otherwise issued, on motion, it shall abate." The writ was issued by a justice of the peace

without a proper recognizance. The defendant appeared generally and later filed a motion to dismiss. This Court held at pages 406-407 that the last sentence of the statute above quoted took away the force of the prohibition and made the defect merely abatable matter and that the defendant having failed to insist upon the defect at the earliest opportunity, namely, on the return day of the writ, it was waived.

In *Page* v. *Newbury*, 113 Vt 336, 34 A2d 218, the defendant entered a general appearance. The case was tried and after a verdict was returned against the defendant, he claimed that the court was without power to enter a judgment against him as the court was without jurisdiction because the action was brought in the wrong county under P. L. §1565, now V. S. 47, §1604. There, this Court said at page 339, "However, if, as in the present case, a suit is brought to the county court in the wrong county, in violation of such statutory provision, the error is a defect in process and in no way affects the general jurisdiction of the court over the subject matter. *Collamer* v. *Page and Fifield*, 35 Vt 387 at 389, 390; *University of Vermont* v. *Joslyn*, 21 Vt 52, 59; *Stone* v. *Van Curler*, 2 Vt 115, 116. Jurisdiction and venue distinguished, 67 CJ pp. 11 and 12. The defect in the process, being a matter of abatement, was waived by the defendant's failure to seasonably plead it. Cases last cited; also *Howe* v. *Lisbon Sav. Bank & Tr. Co.*, 111 Vt 201, 207 to 213, incl., 14 A2d 3."

The foregoing cases are decisive here. The defendant entered a general appearance, filed no plea or answer so was considered as pleading a general denial to the merits. The court had jurisdiction of the subject matter. Her objection, therefore, came too late and was waived.

The defendant relies upon *Cunningham* v. *Caldbeck*, 63 Vt 91, 20 A 974. That case is distinguishable and does not help the defendant. There, it was claimed that neither party lived in Bennington County where the suit was brought, but that both lived in Caledonia County. This question was seasonably raised by a plea at the term to which the writ was returnable. There at page 94, this Court held, citing *Barrows* v. *McGovern*

39 Vt 238, that although the statute said, "If brought elsewhere, the writ on motion shall abate", a mere motion to abate the writ is not sufficient, inasmuch as the non-residence of the parties did not appear on the face of the record, but could be made out only by proof dehors the process, so the plea could not be treated as a motion. See also, *In re Everett's Estate*, 112 Vt 252, 254, 23 A2d 202, and cases cited; *Hanley* v. *United Steel Workers of America*, 119 Vt 187, 122 A2d 872, 874. In the instant case the writ set forth the residence of the defendant in Chester in the County of Windsor. The fact that her residence was in Rockingham in the County of Windham required proof dehors the process.

The defendant also relies upon *Cyr* v. *Cyr*, 118 Vt 445, 111 A2d 735. It is distinguishable. There after the hearing in the trial court at which the residence of the parties appeared to be other than as set forth in the writ, the defendant made a motion to dismiss, which was granted and the plaintiff was allowed an exception. The plaintiff did not there raise the question as to the motion being timely or an improper method of bringing the question before the trial court. This Court in its opinion at page 447, stated that the question whether the defendant's motion was seasonably made was not decided as the plaintiff had not raised the question. Furthermore, if the method of raising the question by motion or its timeliness had been raised in this Court for the first time, it would have been subject to our oft repeated rule that the trial court may not be put in error on a point not made below.

There was no error in denying the motion of the defendant to abate and dismiss for lack of jurisdiction.

The record shows that, on motion of the plaintiff, the court ordered judgment entered on the verdict and that, "the court finds and adjudges that the cause of action arose as a result of the wilful and negligent act or neglect of the defendant and that she ought to be confined in close jail." The court allowed the defendant an exception to the rendition of the judgment and to the court's certification.

■ The defendant briefs this exception on the ground that the finding is in the alternative and improper and that judgments

cannot be in the alternative. The finding and adjudication of the court is in the exact language of the statute; V. S. 47, §2246. It is apparent that it is no part of the judgment. It is supplemental thereto and applies to the manner of the defendant's confinement on the execution issued on the judgment. Under §2246, the granting of the certificate and to what extent rests upon the facts in the case and the discretion of the court. *Gould* v. *Towslee*, 117 Vt 452, 457-467, 94 A2d 416, and cases cited.

On appeal the excepting party must produce a record that makes it appear that reversible error has been committed. The record is to be construed against him; the risk of failure is his. It is incumbant on him to present a record by which error is affirmatively shown and he alone carries the risk of mistakes or omissions therefrom. A question not raised below is not for consideration here. A trial court may not be put in error on a point not made below. *Hanley* v. *United Steel Workers of America*, 117 Vt 378, 379-380, 110 A2d 728; *Robillard* v. *Tillotson*, 118 Vt 294, 302, 108 A2d 524.

Here there are no findings of fact on this question and the record does not show that any were requested. The defendant has not provided us with a transcript of the evidence which the record shows that the court considered in making the finding and adjudication. The record does not show that the defendant challenged the form of the finding and adjudication or called the attention of the trial court to the question she now raises. The exception is not sustained.

*Judgment affirmed.*