## In re Raymond Jordan

[278 A.2d 724]

No. 2-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 1, 1971

*John A. Dooley, III,* Burlington, and *W. Averell Brown,* Bennington, Vermont Legal Aid, Inc., for Plaintiff.

No appearance for Defendant.

**Holden, C.J.** The probate court for the district of Bennington, after notice and hearing, determined that Raymond Jordan was mentally ill. The court further found that by reason of this illness, the subject, if allowed to be at liberty, would present a substantial risk to himself and others. The court

concluded that Jordan lacked sufficient insight and capacity to make a responsible decision concerning his mental condition. Being in need of custody, care and treatment, the court ordered that the subject of the proceedings be committed to the Department of Mental Health for detention and treatment at the Brattleboro Retreat in the County of Windham.

Counsel for Jordan took an appeal to the Bennington County Court. The county court dismissed the appeal ". . . for lack of jurisdiction; on the ground that the former statute permitting such appeals (then 18 V.S.A. § 2598) was repealed by No. 305, Acts of 1967, Adj. Sess., and that no right of appeal from the order in question is now afforded by statute." The appellant brings that question here for our review.

The statute to which the county court made reference, 18 V.S.A. § 2598, was included in Part 4 (Mental Health) of Title 18 and provided that the judgment of the probate court in commitment procedures for the mentally ill, could be appealed to the county court, as provided in 12 V.S.A. § 2555. This section is included in Chapter 107 of Title 12 and relates to the general appellate jurisdiction of the county court in probate causes. *In re Whittemore,* 118 Vt. 282, 286, 108 A.2d 406 (1954).

The application of this section in appeals from probate in commitment proceedings affecting the mentally ill was changed in the broad sweep of the Mental Health Act of 1968. This enactment was entitled No. 305. AN ACT ADDING 18 V.S.A. PART 8 AND 12 V.S.A. § 6079 RELATING TO MENTAL HEALTH AND REPEALING 18 V.S.A. PART 4.

It is in this manner that section 2598 was thus repealed. Section 7112 was added in Part 8 of Title 18 to govern appeals in probate causes involving the mentally ill:

> 18 V.S.A. § 7112. Appeals—A patient or student may appeal any decision of the board relating to his discharge from a hospital or training school or any decision of a probate court. The appeal shall be to the court of the county wherein the hospital or school is located. The appeal shall be governed by chapter 102 of Title 12 except that there shall not be any stay of execution of the decision appealed from. Any decision of the commissioner or board relating to rates, fees, or charges shall be appeal-

able in like manner to a decision of a probate court by any affected party.—Added 1967, No. 305 (Adj. Sess.), § 1, eff. Oct. 1, 1968.

■   Insofar as such appeals by a person aggrieved by an order of the probate court are concerned, reference to § 2555, Chapter 107, Title 12 is changed to Chapter 102 of the same title. 12 V.S.A. § 2382 (included in Chapter 102) provides:

> In any action or proceeding, civil or criminal, appealable from any court (except a justice court), commission, board, agency or department of the state or any political subdivision thereof, appeal may be taken by the filing of a notice of appeal as hereinafter set forth with the clerk or register of the tribunal appealed from or the commissioner, as the case may be. Bills of exceptions are hereby abolished. The notice of appeal shall specify the parties taking the appeal, shall designate the judgment, order, or proceeding appealed from, shall name the court to which the appeal is taken, and may be signed by the party appealing or his attorney(s). The filing of the notice of appeal permits either or any of the parties in the case to proceed on appeal. In appeals from probate court, applications for appeal bonds, furnishing security for costs and filing of a complaint or objections in county court are also hereby abolished. In cases where appeals are allowed only by permission of a court, commission or board, an appeal may be taken only upon such permission.—1959, No. 261 § 46; amended 1961, No. 181, § 1.

It is clear from the words ". . . or any decision of a probate court . . ." in § 7112 that the Legislature intended to preserve the right of appeal from probate court in proceedings concerned with mental health. The court was in error in holding that no right of appeal was afforded under the statute.

The appellant is a "patient" within the meaning of the Mental Health Act. 18 V.S.A. § 7101(13). He seeks to appeal the decision of the probate court for the district and county of Bennington which ordered his admission to the Brattleboro Retreat under the procedure established in 18 V.S.A. §§ 7601–7608. In so doing, he took his appeal to the county court for

Bennington, rather than Windham County, where the hospital, to which he was admitted, is located.

However, this departure from the provisions of the statute is a defect in process. It did not affect the jurisdiction of the Bennington County Court over the subject matter. *J. O. Bilodeau* v. *Reed,* 119 Vt. 342, 345, 126 A.2d 118 (1956); *Page* v. *Newbury,* 113 Vt. 336, 339, 34 A.2d 218 (1943). The record before us is meagre. It contains no indication that the question of improper venue was raised in the county court at Bennington. Since the point was not presented by motion or pleading, the defect was waived. 12 V.S.A. § 1034; *J. O. Bilodeau* v. *Reed, supra,* 119 Vt. at 345. The lower court should have retained the cause and heard the appeal.

*Order dismissing the appeal to the Bennington County Court is reversed and cause remanded.*