## State of Vermont v. Clayton Bressette

[292 A.2d 817]

No. 98-71

Present: Shangraw, C.J., Barney, Keyser, and Daley, JJ., and Gibson, Supr. J.

Opinion Filed June 6, 1972

*James M. Jeffords,* Attorney General, and *H. Russell Morss, Jr.,* Assistant Attorney General, for the State.

*Robert A. Gensburg,* St. Johnsbury, for Defendant.

**Daley, J.** The respondent was charged with the offense of breach of the public peace, 13 V.S.A. § 1021(1), by assaulting, beating and striking one Daniel Cross in Island Pond, Vermont, on August 7, 1970. Trial by jury in the District Court of Vermont, Unit No. 4, Essex Circuit, resulted in a verdict of guilty, and judgment was entered upon the verdict. The respondent appeals to this Court from that judgment.

By motion for a directed verdict of acquittal, made at the close of the state's case, the respondent sought a verdict in his favor on the ground that the evidence, viewed in the light most favorable to the state, failed to disclose a breach of the public peace. As a second ground, the respondent claimed that Mr. Cross had no lawful right to stop him a second time, and that a blocking of the respondent's path of travel by the constable gave him a lawful right to act as he did.

This motion was overruled by the court and it is from this ruling that respondent seeks review here.

The respondent has briefed two issues: (1) No breach of the public peace occurred, and (2) If a breach of the public peace did occur, it was caused by the constable. His appeal was met by a motion to dismiss filed by the state, which alleged that the record is insufficient for this Court to pass upon any of the issues presented.

The issues sought to be raised by the respondent would, if properly before us, receive serious consideration, but their consideration has been foregone by not having been raised at the conclusion of all of the evidence prior to the case being submitted to the jury. It has long been the law of this state that by proceeding with the trial after the denial of a motion for a directed verdict the respondent waives any issue raised by the motion. *State* v. *Goyet*, 120 Vt. 12, 44, 132 A.2d 623 (1957); *State* v. *Bean*, 107 Vt. 513, 515, 180 A. 882 (1935).

We are confined to the record which it is the duty of the appellant to provide, and no question may be brought to a reviewing court unless the trial court had a fair opportunity to consider, evaluate and rule upon such question. *State* v. *Morse*, 127 Vt. 137, 139, 241 A.2d 328 (1968). The record, including the transcript of proceedings, fails to disclose any renewal of the motion on the grounds first raised or otherwise.

The record further reveals the absence of any motion made by the respondent either after the jury verdict or after the entry of the judgment on the verdict. The presence of a proper motion would have preserved the questions for our decision, but their review is precluded by the record presented. The trial court cannot be put in error upon issues not raised below. *Bilodeau* v. *Reed,* 119 Vt. 342, 347, 126 A.2d 118 (1956).

The respondent's only exception is to the court's charge: "I would except only to that portion of the charge that Cross had a right to stop and talk with Bressette under the circumstances of the case" has been considered. A reading of the total charge does not support the exception taken. Charges are not to be considered piecemeal but as a whole. *State* v. *Bishop,* 128 Vt. 221, 230, 260 A.2d 393 (1969). The language of the exception does not appear in the charge; further the exception not having been briefed is waived. *Berry* v. *Whitney,* 125 Vt. 383, 388, 217 A.2d 41 (1965).

The state's motion is well taken, and is dispositive of this appeal.

*Appeal dismissed, cause remanded to the District Court of Vermont, Unit No. 4, Essex Circuit, for sentencing.*