## State of Vermont v. James S. May

[367 A.2d 672]

No. 9-75

Present: Barney, C.J., Daley, and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned; Billings, J. did not sit

Opinion Filed December 7, 1976

*Raymond G. Bolton,* Bennington County State's Attorney, and *J. Wallace Malley, Jr.,* Deputy State's Attorney, Bennington, for Plaintiff.

*Langrock and Sperry,* Middlebury, for Defendant.

**Daley, J.** The defendant James S. May appeals from the judgment entered upon the verdict of a jury which found him guilty of violating subsection (b) of 13 V.S.A. § 3701, unlawful mischief. The issues presented relate to the trial court's instructions which he claims were prejudicial and require reversal. We disagree and affirm.

Because of the defense asserted by the defendant of false imprisonment, a short summary of the evidence taken in the light most favorable to the State is in order. Skyline Inn is located atop Mount Equinox and can be reached only by passage over a private toll road leading from U.S. Route 7. At the entrance to the toll road, off Route 7, is a toll house and gate around which are signs directing travelers to stop and pay the required toll. On May 22, 1974, the defendant, traveling by automobile, drove up the private toll road to the Inn's dining facilities without paying the toll. After having dinner with his wife, he proceeded back down the road. When he reached the toll house, his exit onto Route 7 was blocked by the log gate. The gatekeeper approached him requesting that he come into the office; the defendant responded by backing the car a few feet and then driving it forward through the gate. The force of the automobile pushed the gate into two nearby birch trees, thereby completely destroying the gate and fatally damaging the birch trees.

The defendant raises two issues for our consideration. The first relates to the effect of the trial court's instruction to the jury concerning the construction of 13 V.S.A. § 3701(b). The second issue questions the propriety of other trial court instructions regarding the defendant's alleged false imprisonment.

13 V.S.A. § 3701(b) provides that

> A person who, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, does any damage to any property which is valued in an amount exceeding $250.00 shall be imprisoned for not more than one year or fined not more than $1,000.00 or both.

The trial court, during the course of its instructions to the jury, indicated to the jurors that in determining whether the defendant had violated 13 V.S.A. § 3701(b) they were to consider the value of the property that was damaged, not the actual monetary amount of the damage inflicted upon the property. We have recently ruled that such a construction of the value element of the statute is erroneous, that "valued" as used in 13 V.S.A. § 3701 refers to the amount of damage inflicted. *State* v. *Breznick*, 134 Vt. 261, 356 A.2d 540, 543 (1976).

The State, while conceding that this part of the trial court's instruction to the jury was erroneous, argues that no prejudice resulted to the defendant since the log gate and the birch trees were totally destroyed by the defendant. Our review of the record shows that competent and credible evidence was before the trial court which established that the value of the log gate, including its support posts and concrete base as well as the spruce cross bar, was in the range of $300 to $350. Expert testimony by a landscape nurseryman placed the value of the damaged birch trees at between $250 and $300. The evidence demonstrates that the damage inflicted upon the property exceeded the $250 monetary base of 13 V.S.A. § 3701(b). Since the amount of damage to the property and the value of the property coincided, the defendant was not prejudiced by the erroneous charge.

The defendant's second claim of error relates to the trial court's instructions to the jury concerning false imprisonment and trespass. The theory underlying the defense presented at the trial was that the defendant's act of driving the automobile through the gate was a justifiable means of escape from the claimed false imprisonment. The defendant maintains before this Court that the trial court's instructions to the jury regarding trespass in effect precluded the jury from considering his defense theory.

■ We cannot agree with the defendant's claim. Our review of the record leads us to believe that the court's instructions, viewed as a whole, not piecemeal, *State* v. *Persuitti*, 133 Vt. 354, 360, 339 A.2d 750 (1975) ; *State* v. *Bressette*, 130 Vt. 321, 323, 292 A.2d 817 (1972), were balanced in favor of the defendant on an issue not supported by the evidence. False imprisonment has been defined as the "unlawful restraint by one person of the physical liberty of another." 32 Am.Jur.2d *False Imprisonment* § 1, at 74. The restraint placed upon the person must not only be unlawful, but must also be total. Restatement (Second) of Torts § 36(1) (1965). There was not a scintilla of evidence presented before the trial court demonstrating any unlawful restriction of the defendant's personal liberty. On the contrary, the undisputed evidence shows that while the progress of the automobile driven by the defendant was impeded by the drawn log gate, nothing prevented the defendant from leaving the premises by foot. See comment (d) to Section 36 of the Second Restatement of Torts. Moreover, under the circumstances disclosed by the evidence, the attempt by the gatekeeper to question the defendant was a reasonable inquiry of one traveling upon a private roadway and hence was not an unlawful restraint of the defendant's liberty. See generally 32 Am.Jur.2d *False Imprisonment* § 74, at 134–36 and cases cited therein. Error in the trial court's instructions, if any, was non-prejudicial and harmless to the rights of the defendant.

*Judgment affirmed.*