*Whiting v. Lillicrap*, No. 35-1-15 Oscv (Tomasi, J., September 8, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
ORLEANS UNIT
CIVIL DIVISION

| | |
|---|---|
| Mark Whiting,<br>  Plaintiff,<br><br>  v.<br><br>James Lillicrap, *et al.*,<br>  Defendants. | Docket No. 35-1-15 Oscv |

## Opinion and Order on Plaintiff's Motion for Default Judgment and Defendants' Motion to Dismiss

Plaintiff Mark Whiting is a pretrial detainee currently in in the custody and control of Defendant Vermont Department of Corrections (the "Department"), who is incarcerated at Northern State Correctional Facility ("NSCF"). Plaintiff is awaiting trial on twelve criminal charges in a case pending in the Criminal Division of this Unit, Docket No. 566-10-13 Oscr. The charges include four counts of aggravated sexual assault, four counts of lewd and lascivious conduct with a child, two counts of obstruction of justice, and one count of violation of an abuse prevention order.

In this civil action, Plaintiff seeks money damages totaling $162 million for alleged wrongful prosecution and detention in connection with his pending criminal case. Plaintiff filed suit against several individuals who were state employees at the time the Information was filed, as well as others who were involved in his criminal case. Against the state defendants -- former Deputy State's Attorney James Lillicrap, former Vermont State Police detective Andrew Jensen, and

Department of Children and Families ("DCF") social worker Renee Hamel --

Plaintiff alleges that they pursued the case against him "in bad faith," by relying on false statements made against him by complaining witnesses.

Plaintiff also seeks damages from several "civilian" (*i.e.,* non-state employee) individuals, among whom are: complaining witnesses Mykala Longe and Rebecca Murray; Brittany Lavoie, the mother of Plaintiff's child (Mason James Whiting); Jeremy Merriam, Ms. Lavoie's domestic partner; and Jeremy Stover, who plaintiff alleges to have abused his child. All of the defendants are being sued in their individual capacities, although Plaintiff does not identify any particular legal theory under which his claims are asserted.

Plaintiff sought a default judgment as against all parties on February 19, 2015, which the Court denied because Plaintiff had not completed service upon the defendants. The non-state defendants still have not waived service. Plaintiff asks the Court to reconsider its denial of a default judgment as to the non-state employee defendants.

On March 9, 2015, the state defendants waived formal service of process, pursuant to Vt. R. Civ. P. 4(l). The state defendants, represented by Assistant Attorney General Megan J. Shafritz, have now moved to dismiss this action under Vt. R. Civ. P. 12(b)(6). Plaintiff has opposed the motion.

After reviewing the parties' memoranda, the Court concludes that Plaintiff is not entitled to a default judgment and that Plaintiff's claims against two of the

state defendants must be dismissed. As to Ms. Hamel, the Court grants Plaintiff leave to amend his complaint.

## Conclusions of Law

### I.      The Standard of Review

The Vermont Supreme Court disfavors Rule 12(b)(6) motions to dismiss. "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.). In analyzing a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 558-59 (mem.) (internal quotation, brackets, and ellipses omitted).

Despite that rigorous standard, a complaint must still meet a minimum standard of pleading. Vt. R. Civ. P. 8 requires that a complaint's allegations show "the pleader is entitled to relief." Further, a complaint must contain factual allegations supporting each element of the claims asserted. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1, 8.

**II.     Analysis**

A.     The Motion for Default

Plaintiff states that, on January 16, 2015, he sent waiver-of-service forms to the non-state defendants and that they have not replied.  On this basis, Plaintiff claims to be entitled to a default judgment.  Plaintiff misreads Vt. R. Civ. P. 4(l).

Under the Vermont Rules of Civil Procedure, defendants are entitled to personal service of documents that commence legal proceedings, such as the complaint and summons.  Vt. R. Civ. P. 4(d).  Rule 4(l) is meant to provide a cheaper and faster alternative by allowing service of process through the mail.  If a defendant accepts service in this manner, he or she is afforded additional time to respond to the complaint.  If a defendant does not accept service by mail, the Court will impose the costs subsequently incurred by Plaintiff in effecting personal service -- unless there is "good cause" for the defendant's failure to waive personal service. Vt. R. Civ. P. 4(l)(3).

The fact that the non-state defendants have refused to waive personal service does not entitle Plaintiff to judgment on his claim.  Vt. R. Civ. P. 4(l)(3); 10A Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2682 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").  Instead, to commence this action against the non-state defendants, Plaintiff is now required to effect personal service on them.

Furthermore, the non-state defendants were not even properly served by mail under Rule 4(l), which requires delivery of documents to each named defendant. Plaintiff's certificate of service indicates that he sent a single first-class letter containing the necessary documents to Ms. Lavoie, with instructions that she distribute copies of the summons and complaint to the other defendants. While *pro se* litigants are often afforded some leeway concerning court procedures, *see Sandgate Sch. Dist. v. Cate*, 2005 VT 88, ¶ 9, 178 Vt. 625, 627 (mem.), they are still bound to follow the ordinary rules of civil procedure, *Valteich v. Knott*, 139 Vt. 588, 590–91 (1981). Plaintiff's attempt to comply with Rule 4(l) falls well short of the mark.

The Court will grant Plaintiff thirty days from the date of this order to make personal service upon the non-state defendants in accordance with Rule 4. Failure to do so may result in dismissal of those claims.

B. <u>The Motion to Dismiss</u>

The state defendants [hereinafter the "State"] argue that all of Plaintiff's claims are subject to dismissal on various grounds.[1] The State asserts that former DSA Lillicrap is protected by prosecutorial immunity and that any claim for

---

[1] As noted above, Plaintiff does not identify any particular legal theories under which he is bringing his claims. The State assumes that Plaintiff is asserting claims under Vermont tort law and 42 U.S.C. § 1983. In his responsive memorandum, Plaintiff denies making such claims and contends that his suit arises under "Rule 3 of the Vermont Rules of Civil Procedure." To the extent that Plaintiff means that his arrest violated Vermont Rule of *Criminal Procedure* 3, which governs arrest powers, the Court rejects that claim. As discussed, *infra* at Section II(B)(2), Plaintiff was arrested by Defendant Jensen for violating facially valid conditions of release, and such conduct is not actionable. *Horton v. Chamberlain*, 152 Vt. 351, 353-54 (1989).

malicious prosecution fails because the underlying criminal proceeding has not terminated in Plaintiff's favor. The State contends that any claim for false arrest against Detective Jensen because his actions were based on probable cause. Finally, the State argues that Ms. Hamel is protected by the absolute litigation and quasi-prosecutorial immunities, because the "false claims" alleged by Plaintiff were made in the context of a DCF proceeding. The Court will examine each of these issues in turn.

###### 1. *Malicious Prosecution*

A malicious prosecution claim can potentially state a cause of action for deprivation of rights under the United States Constitution, pursuant to the procedural umbrella of 42 U.S.C. § 1983. Section 1983 creates a private right of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States." Under Section 1983 (and Vermont law as well), prosecutors are absolutely immune from civil suits for damages for acts undertaken within their quasi-judicial authority. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005); *O'Connor v. Donovan*, 2012 VT 27, ¶ 6, 191 Vt. 412, 416-17 (Vermont law); *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The immunity is meant to protect "independence in the charging decision," and to serve the public trust by ensuring

that prosecutors are not constrained in their decisions by fear of potential civil liability. *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992); *Warney v. Monroe County*, 587 F.3d 113, 126 (2d Cir. 2009).

Because charging decisions are well within a DSA's quasi-judicial power, even if former DSA Lillicrap had knowingly relied on false testimony as alleged, he would be protected from suit. *See Shmueli* 424 F.3d at 237 ("'initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions"). Absolute immunity protects prosecutors from all acts, regardless of malicious motive or intent. *Levinsky v. Diamond*, 151 Vt. 178, 193–94 (1989); *Muzzy v. State*, 155 Vt. 279, 281 (1990) ("[prosecutor's] motive for acting is not subject to inquiry in a private suit even if there is a claim of willful or malicious conduct" (quotation and citation omitted)). Any claim raised against former DSA Lillicrap for malicious prosecution is, therefore, barred by absolute prosecutorial immunity.

Even if that were not true, Plaintiff's malicious prosecution cause of action would be subject to dismissal for failure to state a claim. To amount to malicious prosecution, a plaintiff must allege and establish that the defendant instituted a proceeding against him: (1) without probable cause; (2) with malice; and that (3) the proceeding terminated in the plaintiff's favor. *Anello v. Vinci*, 142 Vt. 583, 587 (1983). A proceeding is only "terminated" in a plaintiff's favor for purposes of a malicious prosecution claim if it can be determined that the defendant is not guilty of wrongdoing. *Lay v. Pettengill,* 2011 VT 127, ¶ 32, 191 Vt. 141, 160 ("[p]roceedings are 'terminated in favor of the accused' ... only when their final

7

disposition is such as to indicate the innocence of the accused" (internal quotation omitted)); *Kent v. Katz*, 146 F. Supp. 2d 450, 460-61 (D. Vt. 2001) (even a termination by compromise is not sufficient to meet the requirements for a malicious prosecution case). Here, Plaintiff specifically alleges that his criminal case remains pending. *See* Compl. ¶ 3. Accordingly, Plaintiff's claims for malicious prosecution cannot be maintained that this juncture.

2. *False Arrest*

Plaintiff's cause of action for false arrest against Detective Jensen shares a similar fate. In Vermont, the tort of false arrest is the "unlawful restraint by one person of the physical liberty of another." *State v. May*, 134 Vt. 556, 559 (1976). It is similar to false imprisonment in that: (1) the defendant must have intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; and (3) the plaintiff did not consent to the confinement. *See* Restatement (Second) of Torts § 35(1).

In this instance, the allegedly unlawful arrest was due to a "clerical error" in Plaintiff's conditions of release. Plaintiff claims that he had been released on bail and was arrested by Detective Jensen for residing in Essex County instead of Orleans County. Plaintiff asserts that the clerical error was made by the court in drafting his conditions of release because it was intended that he be permitted to reside at his home in Essex County. *See* Compl. ¶ 7. Plaintiff does not allege that Detective Jensen lacked probable cause to arrest him. Instead, he effectively claims that his conditions of release were transcribed incorrectly by the court. Such

8

allegations simply do not amount to a false arrest claim under either state or federal law.

Our Supreme Court has long held that an officer's liability for false imprisonment based on defective legal process depends upon whether the error is discoverable by an examination of the instrument itself. *Horton v. Chamberlain*, 152 Vt. 351, 353-54 (1989). Plaintiff does not allege that the defects in his conditions of release were readily discoverable. Indeed, the implication from the complaint is that the conditions of release appeared valid on their face. As a result, Detective Jensen is entitled to dismissal of the state-law false arrest claim.

To the extent that Plaintiff also makes a false arrest claim under Section 1983, it fails for the same reason. To state such a claim under Section 1983, the plaintiff must establish that the officers lacked probably cause for the arrest. *Weyent v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996). Officers arresting pursuant to a warrant that is valid on its face do not lack probable cause even it is later discovered that the warrant was defective. *Dawson v. City of New York*, No. 13-CV-5956, 2014 WL 5020595, at *2 (S.D.N.Y. Oct. 8, 2014). As numerous courts have held, an "arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir.2005); *see Brooks v. City of Aurora*, 653 F.3d 478, 483 n.5 (7th Cir. 2011) (noting same). Accordingly, any federal claim for false arrest must be dismissed.

9

### 3. *The Claims Against Ms. Hamel*

Lastly, Plaintiff asserts that social worker Hamel made an official report against him containing false claims and information that she knew to be false. Compl. ¶ 11(c). Plaintiff does not make any allegation as to the nature of the report, what was written about him, or whether any harm resulted. The Court can discern no actionable claim that can be maintained on such allegations.

While Vermont requires only notice pleading, as noted above, a complaint must still show that "the pleader is entitled to relief," and it must contain factual allegations supporting each element of the claims asserted. Colby, 2008 VT 20, ¶ 10, 184 Vt. at 8.

Here, the allegations against Hamel fail to provide her notice of the precise misconduct at issue, other than a vague reference to the fact that she made a "false report;" the legal basis for any claim based on that conduct; and a description of the harm that allegedly followed from that conduct. Such information is vital in this instance because various strains of immunity may apply to Ms. Hamel's conduct, depending upon the precise acts at issue. *See, e.g., Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 104 n.8 (2d Cir. 1999) (discussing types of immunity potentially available to social workers). The limited allegations of the current complaint against Ms. Hamel, however, simply do not state any actionable claim.

Nevertheless, the Court is cognizant that motions to dismiss are disfavored, and the allegations made by Plaintiff against Ms. Hamel could constitute the nucleus of a valid claim with additional information. Owing to Plaintiff's *pro se*

10

status, *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219, 228, and in the interest of resolving this case on the merits, *Desjarlais v. Gilman*, 143 Vt. 154, 157 (1983), the Court will not dismiss the claims against Hamel at this time. Instead, it will grant Plaintiff thirty days from the date of this Order to file and serve an amended complaint providing further explanation as to his claims against Hamel. Any answer or renewed motion to dismiss by the State shall be filed within thirty days of service of the amended complaint.

## III.   Conclusion and Order

Wherefore, the State's Motion to Dismiss relative to Defendants Lillicrap, and Jensen is *granted*. It is denied without prejudice as to Ms. Hamel. Plaintiff shall have thirty days from the date of this Order to file and serve any amended complaint as to Ms. Hamel.

Plaintiff's Motion for Default Judgment against Defendants Longe, Murray, Lavoie, Merriam, and Stover is *denied*. Plaintiff shall have thirty days from the date of this order to effectuate service upon those Defendants.

Dated at Newport, Vermont this \_\_\_\_ day of September, 2015.

_____
Timothy B. Tomasi
Superior Court Judge

11