**Vermont Superior Court**
**Filed 06/25/25**
**Bennington Unit**

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-01852

---

### Stephanie Forest v. Lucas Hall et al

---

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion for Summary Judgment; Motion for Summary Judgment; (Motion: 8; 12) |
| Filer: | Michael J. Leddy; Andrew C. Boxer |
| Filed Date: | March 18, 2025; April 01, 2025 |

Plaintiff Stephanie Forest (Forest) complains against Defendant Vermont State Police Officers Sergeant Lucas Hall (Hall) and Trooper Ryan Gardner (Gardner) for using excessive force during a traffic stop in violation of her Fourth Amendment Rights. On March 18, 2025, Gardner filed a Motion for Summary Judgment, Memorandum in Support, and Statement of Material Facts. On April 1, 2025, Hall filed a Motion for Summary Judgment and Statement of Material Facts. Forest responded to the Motions and Statements of Material Facts on May 2, 2025. On May 28 and 29, 2025, Defendants filed Memorandums of Law in Further Support of the Motion for Summary Judgment and Replies to the Statement of Undisputed Facts.

The ruling on the motions, for the reasons herein, is:

1. Gardner's Motion for Summary Judgment is granted.

2. Hall's Motion for Summary Judgment is denied.

### Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by V.R.C.P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish

such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

A motion for summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). Allegations of the nonmoving party, if supported by admissible evidence, are regarded as true when determining if a genuine issue of material fact exists. *Morisseau v. Hannaford Bros.,* 2016 VT 17, ¶ 12, 201 Vt. 313. The benefit of reasonable doubts and inferences goes to the nonmoving party. *Id.* In determining whether genuine issues of fact exist, the nonmoving party is to receive the benefits of all reasonable doubts and inferences. *Samplid Enterprises, Inc. v. First Vermont Bank*, 165 Vt. 22, 25 (1996); *Messier v. Metro. Life Ins. Co.*, 154 Vt. 406, 409 (1990). The procedures of Rule 56 should be construed liberally in favor of resolving disputes on the merits. *Stone v. Town of Irasburg,* 2014 VT 43, ¶ 57, 196 Vt. 356.

## Facts

The undisputed material facts in the light most favorable to Plaintiff, as the non-moving party, are as follows:

On September 8, 2018, Vermont State Police Troopers Hall and Gardner engaged in a traffic stop that dashboard-mounted cameras captured. Forest, her brother Daniel, and Daniel's girlfriend Patricia Oliveria were in the car on their way from a wedding. All three car members consumed alcohol before leaving the wedding, including Daniel the driver. Forest sat in the rear passenger seat. Hall pulled the vehicle over for failure to signal and for an obstructed license plate. Upon suspecting that Dan was intoxicated, Hall called Trooper Gardner to the scene to assist.

After a series of verbal sobriety tests, the troopers asked Daniel to exit the vehicle to perform a series of field dexterity tests next to their police car. Daniel cooperated. Neither trooper instructed Forest or Patricia to remain in the vehicle. Patricia and Forest remained in the vehicle during Daniel's sobriety tests. After several field sobriety tests, Gardner administered a breathalyzer test to Daniel. After the breathalyzer test, Gardner handcuffed Daniel.

Upon Gardner's handcuffing Daniel, Patricia opened the front passenger-side door of the car and exited the vehicle. Hall noticed this and ordered Patricia to "stay in the car." As Hall approached the vehicle from the police cruiser, Forest opened the passenger-side rear door. After a physical struggle at the door, Hall took Forest to the ground and into custody.

During the struggle, Forest screamed several times and exclaimed "Don't touch me" and "I can't breathe." Hall was on top of Forest during the arrest. Upon hearing the commotion, Gardner turned around from a handcuffed Daniel and assisted Hall with the arrest. Forest was already on the ground being arrested by Hall when Gardner arrived to assist Hall.

Both Forest and Daniel were arrested that night. Forest was charged with simple assault on a protected individual and resisting arrest. Those charges were later dismissed pursuant to V.R.Cr.P. 48(b).

I. **Gardner's Motion is granted because he had no reason to know whether Hall committed a constitutional violation and did not have an opportunity to intervene or prevent harm to Forest.**

The only claim against Gardner in Forest's Complaint is Failure to Intercede to Prevent a Violation of Plaintiff's Fourth Amendment Rights. A failure to intervene claim against a police officer is recognized by Section 1983. See 42 U.S.C. § 1983.

Law enforcement officers have a duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official. *Id*. For liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring. *Id*. Whether an officer had sufficient time to intercede or could prevent the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise. *Id*.

Here, upon hearing the commotion at the car, Gardner ran from a handcuffed Daniel at the police cruiser to Forest and Hall. Forest had already been taken to the ground when Gardner arrived there. Gardner had no reason to believe that the arrest was unlawful and had no opportunity to stop Forest from being taken to the ground even if the arrest had been unlawful.

From where Gardner was when the struggle took place, he could not have seen who initiated contact, whether any contact had occurred with the door and/or if Forest had struck Hall before the arrest. The evidence does not support the conclusion, that Gardner could have known that Forest was being unjustifiably arrested or that any constitutional violation was taking place, and the Court finds that he could not. Gardner also could not have stopped the arrest from taking place from where he was at the time of the arrest. Accordingly, Gardner's Motion for Summary Judgment is granted since he did not have reason to know that excessive force was being used, that the arrest was unjustified, or that any constitutional violation was taking place.

II. **Qualified Immunity does not shield Hall because there are genuine disputes over material facts.**

Forest's Complaint asserts three claims against Hall. These claims are Excessive Force in Violation of Plaintiff's Fourth Amendment Rights, False Arrest in Violation of Plaintiff's

Fourth Amendment Rights, and Malicious Prosecution.[1]  The first hurdle Forest must overcome for her claim against Hall to survive is sovereign immunity.

"[A]bsolute immunity applies only to Judges, Legislators, and the state's highest executive officials." *Czechorowski v. State*, 2005 VT 40, ¶ 11, 178 Vt. 524 (2005).  Most officials only have qualified immunity.  *Id*.  Qualified immunity only applies if officials are "(1) acting during the course of their employment and acting, or reasonably believing they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial, acts." *Czechorowski* at ¶ 10 (quoting *Murray v. White*, 155 Vt. 621, 626-27).  Here, Hall acted in his official capacity, in good faith, and was performing a discretionary act.  Thus, qualified immunity is applicable.

> In evaluating a claim of qualified immunity, a court "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Conn v. Gabbert,* 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999).  "Clearly established" for purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).  Thus, if the official reasonably believes that his or her actions were lawful, the official receives immunity even if a court later determines that they were not.  See *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (doctrine accommodates reasonable "mistaken judgments"); *Long v. L'Esperance,* 166 Vt. 566, 571, 701 A.2d 1048, 1052 (1997) (officer's reasonable, albeit mistaken judgment concerning existence of probable cause will not subject him to liability).  Similarly, "if the official's conduct does not violate clearly-established rights of which a reasonable person would have known, the official is protected by qualified immunity from tort liability." *Nelson,* 167 Vt. at 509, 712 A.2d at 384.

*Sprague v. Nally*, 2005 VT 85, ¶ 5, 178 Vt. 222.  So, the questions presented for qualified immunity to apply are (1) whether the plaintiff has properly alleged and can demonstrate a breach of a constitutional right; and (2) whether this right is clearly established at the time of the alleged misconduct.

Here, Forest properly alleges a constitutional violation for excessive force and false arrest.  So, the first prong is met.  On the second prong, there are genuinely disputed facts that make summary judgment based on qualified immunity inappropriate.  The parties disagree as to material issues that the dashcam footage does not clearly reveal.  Whether the door struck Hall and/or if Forest struck Hall is disputed.  There is conflicting testimony from Forest and the

---

[1] This Court dismissed the charge of assault and battery on January 26, 2022, in its Decision on the Motion to Dismiss for sovereign immunity purposes.

Troopers. There is also strong potential evidentiary value for the factfinder of relevant expert testimony to assist in determining the reasonableness of Hall's actions, which this Court has already ruled is admissible. Since there are disputed issues of material fact, summary judgment on the issue of qualified immunity is denied.

### III. Summary Judgment on the excessive force claim against Hall is denied because there is dispute over material fact.

On the excessive force claim, there are disputed material facts that make summary judgment inapplicable. It is well established that peace officers have "a right to use some degree of physical coercion or threat thereof to effect" an arrest. *Graham v. Connor,* 490 U.S. 386, 396 (1989). The amount of force, however, cannot be excessive under the circumstances. *Id.* The proper standard for Fourth Amendment excessive force cases is one of "objective reasonableness." *Brusseau v. Haugen,* 543 U.S. 194,197 (2004). This "reasonableness" is determined by "careful[ly] balancing ... the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (internal quotations omitted).

The court, in conducting this balancing test, must pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Here, the Court must deny summary judgment on the excessive force claim as well. It is the job of the jury to determine if Hall responded appropriately to the situation and caused needless harm to Forest. The amount of resistance by Forest, who initiated contact, and the appropriateness of Hall's response is disputed and unclear to the Court. Under these circumstances, this Court cannot grant summary judgment on the excessive force claim.

### IV. The Malicious Prosecution and False Arrest claims against Hall are not dismissed for the same reasons.

Again, the Court is unable to grant summary judgment because there are disputed material facts.

To amount to malicious prosecution, a plaintiff must allege and establish that the defendant instituted a proceeding against him: (1) without probable cause; (2) with malice; and that (3) the proceeding terminated in the plaintiff's favor. *Anello v. Vinci*, 142 Vt. 583, 587 (1983). A proceeding is only "terminated" in a plaintiff's favor for purposes of a malicious prosecution claim if it can be determined that the defendant is not guilty of wrongdoing. *Lay v. Pettengill*, 2011 VT 127, ¶ 32, 191 Vt. 141, 160 ("[p]roceedings are 'terminated in favor of the accused' ... only when their final disposition is such as to indicate the innocence of the accused" (internal quotation omitted)); *Kent v. Katz*, 146 F. Supp. 2d 450, 460–61 (D. Vt. 2001) (even a termination by compromise is not sufficient to meet the requirements for a malicious prosecution case).

Moreover, in Vermont, the tort of false arrest is the "unlawful restraint by one person of the physical liberty of another." *State v. May*, 134 Vt. 556, 559 (1976). It is similar to false

imprisonment in that: (1) the defendant must have intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; and (3) the plaintiff did not consent to the confinement. See Restatement (Second) of Torts § 35(1). To state such a claim under § 1983, the plaintiff must establish that the officers lacked probable cause for the arrest. *Rivard v. Town of Battleboro*, No. 23-AP-392, 2024 WL 1012383 (Vt. Mar. 8, 2024) (unpub. mem.); *Weyent v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996).

Based on the facts, this Court cannot conclude that Hall definitively did or did not have probable cause at the time of the arrest. There is genuine dispute over how the arrest started and the dashcam footage does not clearly reveal what occurred inside the vehicle before Forest left the car and Hall took her to the ground. Additionally, on the claim of malicious prosecution, the Court finds that Forest has laid out a sufficient claim that should be determined by a jury since the criminal matter was dismissed by the court pursuant to V.R.Cr.P. 48(b). See Restatement (Second) of Torts § 660 cmt. e ("Traditionally acquittal of the accused, whether by a jury or by the court, is a termination of the proceeding in his favor."). Consequently, Hall's Motion for Summary Judgment is denied.

## Conclusion

Gardner's Motion for Summary Judgment is GRANTED. Conversely, Hall's Motion for Summary Judgment is DENIED.

**Signed electronically June 24, 2025 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**